# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PASTOR FAUSTO PALAFOX, et al.,

    Defendants.

Case No. 2:16-cr-00165-GMN-CWH

**ORDER**

Presently before the Court is the government's motion to certify case as complex and enter a complex scheduling order (ECF No. 427), filed On October 11, 2017. Defendant Andrew Lozano filed a response (ECF No. 435) on October 13, 2017, and Defendant John Chrispin Juarez filed a motion for joinder (ECF No. 439) to the response on October 19, 2017. The government filed a reply (ECF No. 442) on October 20, 2017. No other Defendants filed a response.

The government moves to certify this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), citing the number of defendants, the length of time covered by the superseding indictment, and the amount of evidence to be considered by the parties. The government also proposes a multi-phase scheduling order to accommodate the parties, vacating the current trial date of February 26, 2018, and holding a status conference at which a new trial date could be set. Defendants oppose the motion, arguing that the schedule proposed by the government would amount to indefinite detention and that the amount of discovery is not enough to justify the government's delays in producing discovery or its seeking certification of this case as complex.

Under 18 U.S.C. § 3161(h)(7)(B)(ii), an exclusion to normal time limits to bring a case to trial may be granted when a case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Here, there is no dispute that this case is unusual in scope. There are 23 defendants, and the government seeks to prosecute conduct alleged to have occurred over eleven

years.  The government represents that this case will involve numerous cooperating witnesses, expert testimony from medical and forensic examiners, and extensive recordings.  The government further asserts that this case will likely involve significant pre-trial motions and adherence to a death penalty protocol, since eight of the defendants charged are eligible for the death penalty.  Defendants do not contest the government's assertions regarding the complexity of this case, only the timeliness of their disclosures.  Given the uncontested assertions from the government, the Court finds that this case qualifies as complex.

As for the scheduling order, the government proposes splitting discovery into multiple phases, setting the deadline for pre-trial motions on May 18, 2018, and setting a status conference for the purposes of scheduling a new trial date.  Defendants oppose the proposed schedule, arguing that the previously set trial dates should be kept.  However, given the Court's finding that this case qualifies as complex under 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds good cause for a complex scheduling order.

In addition to these matters, both parties note that the government has not yet informed defendants or the Court whether it intends to seek the death penalty in this case.  Pursuant to the Guidelines for Administering the CJA and Related Statutes, § 670(a), this Court should, within a reasonable period of time after appointment of counsel, and only after consulting with counsel for the government and all defendants, establish a schedule for resolution of whether the government will seek the death penalty.  This schedule should include dates for:

(1) the submission by the defendant to the U.S. attorney of any reasons why the government should not seek the death penalty.
(2) the submission by the U.S. attorney to the appropriate officials of the DOJ of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and
(3) filing of a notice under 18 U.S.C. § 3593(a) that the government will seek the death penalty, or notification to the court and the defendant that it will not.

Guidelines for Administering the CJA and Related Statutes, § 670(b).  Accordingly, the Court will consult with the parties as to the deadlines for the above items.

IT IS THEREFORE ORDERED that the government's motion to certify case as complex and enter a complex scheduling order (ECF No. 427) is GRANTED.  The schedule proposed by the government is adopted, including the following deadlines:

| | |
|---|---|
| Deadline for pre-trial motions: | May 18, 2018 |
| Deadline for responses to pre-trial motions: | June 29, 2018 |
| Deadline for replies to pre-trial motions: | June 13, 2018 |
| Deadline for expert disclosures, disclosure of recordings or transcripts to be used at trial: | 30 days before trial date, to be determined by the Court |
| Deadline for disclosure of any summaries, charts or calculations to be used at trial, disclosure of any statements of witnesses to be used a trial: | 10 days before trial date, to be determined by the Court |

IT IS FURTHER ORDERED that the deadline for any party to submit proposals for the schedule for resolution of whether the government will seek the death penalty shall be March 6, 2018. The Court will then issue an order scheduling deadlines for the government's decision whether to seek the death penalty.

IT IS FURTHER ORDERED that Defendant John Chrispin Juarez's motion for joinder (ECF No. 439) is GRANTED.

DATED: February 6, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge