# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | |
| ALBERT LOPEZ, | **ORDER** |
| Defendant. | |

This matter is before the court on Defendant Albert Lopez' Motion for Production of Discovery (ECF No. 527), filed February 26, 2018, the Government's Response (ECF No. 552), filed March 12, 2018, and Defendant's Reply (ECF No. 559), filed March 19, 2018. Defendants Palafox, Carr, Garcia, Morales, Juarez, Campos, Halgat, Perez, Henderson, Dunlap, Neddenriep, Gonzalez, Davisson, Coleman, Seimer, and Gillespie move to join the motion. (ECF Nos. 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 540, 541, 543, 545, 547).

Defendants' motion is a broad-ranging discovery motion seeking an order compelling production of a variety of information. Lopez argues that because this is a capital case, legal authority requires broad disclosure of mitigation evidence. Lopez argues that discovery is required to support allegations of a due process violation before the grand jury in this case. He further argues that discovery is required to allow him to challenge his detention and to prepare for trial.

The government responds that since the motion was filed, the Attorney General decided that the United States will not be seeking the death penalty. (*See* Notice (ECF No. 551).) Accordingly, any request under the pre-death penalty discovery protocol is moot. The government further responds that Lopez fails to demonstrate a need for early disclosure of grand jury and Jencks material, and that his other requests for discovery should be denied.

## I. ANALYSIS

As a general proposition, there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997). However, the government has a constitutional

duty to disclose exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Supreme Court has also held that the government must disclose impeachment evidence, including all promises, inducements, or threats made to a witness in order to gain the cooperation of that witness in the investigation or prosecution of the Defendant. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The *Brady/Giglio* doctrine does not require the government to disclose neutral, irrelevant, speculative or inculpatory evidence. *See, e.g., U.S. v. Stinson*, 647 F.3d, 1196, 1208 (9th Cir. 2011). Evidence is material under *Brady* if there is a reasonable probability that, if the government had disclosed the evidence to the Defendant, the result of the proceeding would have been different. *See United States v. Bagley*, 473 U.S. 667, 681 (1985); *see also United States v. Acosta*, 357 F.Supp.2d 1228, 1243 (D. Nev. 2005) (materiality standard governs pretrial requests for *Brady* disclosure). Although *Brady* should be interpreted broadly to encourage prosecutors to carry out their duty, it does not require the government to disclose every scrap of evidence that could conceivably benefit a defendant. *See, e.g. Moore v. Illinois*, 408 U,S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work").

A defendant's allegation that the requested information might be material does not entitle him or her to an unlimited or unsupervised search of the government's files. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). The government alone determines which information must be disclosed pursuant to *Brady*, and this decision is final. *Id*. The Supreme Court has cautioned the government not to "tack too close to the wind" in determining whether material is exculpatory, and therefore should be produced. *Kyles v. Whitley*, 514 U.S. 419, 439 (1995). However, the government has the responsibility to make judgment calls about what qualifies as "favorable evidence" and whether certain evidence is "favorable" depends on the context of the existing or potential evidentiary record. *Id*. The prosecutor is a representative of the government whose interests in criminal prosecution is not "that it shall win a case, but that justice shall be done." *Id*. (Internal quotations and citations omitted). Therefore, "the prudent prosecutor will resolve doubtful questions in favor of disclosure." *Id*.

The Jencks Act, in order to provide for full and fair cross-examinations, requires the United

States to provide the defense with any statements made by a witness relating to his or her testimony after that witness has testified on direct examination. 18 U.S.C. § 3500. A statement for the purposes of the Jencks Act is:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e). Both the Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure, which incorporates the Jencks Act, provide that *after* a witness called by the government has testified, a criminal defendant, upon motion, is entitled to any prior statements made by the witness that relate to the subject matter of the witness's testimony. 18 U.S.C. § 3500 (emphasis added). Finally, when the defense seeks material that qualifies as both Jencks Act and Brady material, the Jencks Act controls with respect to the timing of disclosure. *United States v. Alvarez*, 358 F3d 1194, 1211 (9th Cir. 2004). The Court does not have the authority to compel the Government to produce Jencks Act statements before a witness testifies. *See United States v. Mills*, 641 F.2d 785, 789–90 (9th Cir. 1981), *cert. denied*, 454 U.S. 902 (1981). An order requiring early disclosure is unenforceable. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986), *cert. denied*, 479 U.S. 1094 (1987).

## II. SPECIFIC DEMANDS

### A. Grand Jury Materials

Defendant requests all grand jury materials. Because he believes that the government knowingly used false testimony to obtain the indictment, Lopez alleges a possible due process violation before the grand jury. Specifically, Lopez believes that the grand jury was not made aware that Rudnick had altered or recanted his previous testimony from the Gonzalez trial. Accordingly, he requests grand jury materials be provided in order for him to support this position. The government responds that Lopez fails to demonstrate a need for early disclosure of grand jury testimony and submits that it did not present knowingly perjured testimony to the grand jury and it is unaware of any perjured testimony before the grand jury in this case. Lopez restates his argument in reply.

Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand

jury secrecy. With specified exceptions, it prohibits disclosure of "matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). "A party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995), *opinion withdrawn in part on reh'g*, 116 F.3d 840 (9th Cir. 1997) (citations omitted). The standards the trial court should apply in granting disclosure of the grand jury transcripts are "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed. *Id*.

The premise of Lopez's argument is that Rudnick's altered or recanted testimony was not made known to the grand jury. In order to determine the validity of Lopez's claim, the Court conducted an *in camera* inspection of the grand jury proceedings, and has now determined and finds that Lopez's claim is not substantiated.[1] Because Lopez has not demonstrated a particularized need for further disclosure which would outweigh the need for grand jury secrecy, the request for "all grand jury transcripts and exhibits and other items presented to the grand jurors" concerning the alleged murder conspiracy is denied.

**B.     Rudnick Investigation Materials**

Lopez requests all reports of investigation concerning Rudnick, and reports that bear on his credibility, and notes of law enforcement interviews with Rudnick. The government responds that the request is premature, and that it will comply with its discovery obligations. Lopez makes no argument why the principles of Jencks, *Brady* or *Bagley* do not apply to this request. The request is denied.

**C.     Washoe County District Attorney's Office Materials**

Defendant requests all documents of interviews/debriefings between Mr. Rudnick and Assistant District Attorney Karl Hall or any other law enforcement officers, including audio and video recording and written reports. The government responds that all information, except privileged work product, related to Rudnick provided by the Washoe County District Attorney's

---

[1] This grand jury information is revealed pursuant to Fed.R.Crim.P. 6(e)(3)(E)(I), which authorizes disclosure of grand jury information in connection with a judicial proceeding.

4

office has been produced. Lopez provided no reply to the government's response on this issue. The request is denied.

**D.      Miscellaneous Discovery Materials**

Defendant requests miscellaneous discovery concerning the two individuals who will testify about the murder conspiracy (request #4), the alleged Bradley Campos beating (request #5), discovery related to the attempted motorcycle robbery (request #6), discovery concerning the 2013 assault of a civilian (request #7), discovery related to the "hit" on the informant and undercover officer (request #9), and discovery related to the "hit" against a former Vagos OMG member who joined the Mongols OMG (request #10). The government responds that the request is premature, and that it will comply with its discovery obligations. Lopez makes no argument why the principles of Jencks, *Brady* or *Bagley* do not apply to these requests. The requests are denied.

**E.      Informant and Undercover Officer Materials**

Defendant requests discovery concerning an informant and undercover officer (included in request #7). The government responds that the request is premature, and that it will comply with its discovery obligations. Lopez makes no argument why the principles of Jencks, *Brady* or *Bagley* do not apply to this request. The request is denied.

**F.      Bomb Threat Materials**

Defendant requests information related to the bomb threat the United States referenced during his detention hearing (request #8). The government responds that although that information falls outside the government's Rule 16 obligations because it is not charged in the indictment and will not be used in the government's case and chief, it has provided information regarding the bomb threat. The request is denied.

//
//
//
//
//
//

1     IT IS THEREFORE ORDERED that Defendants Palafox, Carr, Garcia, Morales, Juarez, Campos, Halgat, Perez, Henderson, Dunlap, Neddenriep, Gonzalez, Davisson, Coleman, Seimer, and Gillespie's Motions to Join (ECF Nos. 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 540, 541, 543, 545, 547) are GRANTED.

    IT IS FURTHER ORDERED that Lopez's Motion for Production of Discovery (ECF No. 527) is DENIED.

    DATED: April 9, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge