# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| PASTOR PALAFOX, et al., | |
| Defendants. | |

Presently before the court is defendant Pastor Palafox's motion regarding proposed trial groups (ECF No. 782), filed on August 7, 2018. Joinders were filed by defendants Perez, Coleman, Campos, Garcia, Gonzalez, Neddenriep, Lopez, Juarez, and Chelby. (ECF Nos. 792, 794, 801, 838, 847, 856, 870, 887, 965.) An omnibus joinder was filed by defendant Davisson on August 13, 2018. (ECF No. 1053.)

The court has also considered the government's response (ECF No. 1139), filed on September 4, 2018. Replies were filed by defendants Morales, Siemer, Halgat, Gonzalez, Carr, Perez, Garcia, Lozano, Campos, and Juarez. (ECF Nos. 1147, 1154, 1156, 1157, 1162, 1188, 1195, 1204, 1205, 1212.) A joinder to defendant Perez's reply was filed by defendant Garcia. (ECF No. 1195.)

**I.   BACKGROUND**

Defendant Pasto Palafox and twenty-two codefendants are named in a superseding indictment returned June 14, 2017. (Superseding Indictment (ECF No. 13).) The indictment alleges that Pastor Palafox and codefendants are members of Vagos Outlaw Motorcycle Gang ("Vagos OMG"), a criminal enterprise. (*Id.* at 3.) The indictment alleges that beginning in 2005, defendants engaged in a pattern of racketeering. (*Id.* at 15-16.) The overt acts include allegations

of violence, lying under oath, drug distribution, kidnapping and murder. (*See id.* at 15-34.)

Below is a summary of the counts and charges naming Palafox and his codefendants:

- Count one – Conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d).
    - Defendants: Pastor Palafox, Albert Lopez, Albert Perez, James Gillespie, Andrew Lozano, Ernesto Gonzalez, Victor Ramirez, James Henderson, Steven Carr, Robert Coleman, Jeremy Halgat, Paul Voll, John Siemer, Bradley Campos, Cesar Morales, Diego Garcia, Edward Chelby, Johnny Neddenriep, Darin Grieder, Thomas Garretson, Bert Davisson, Mathew Dunlap, and John Juarez.
- Count two – Murder in violation of 18.U.S.C. § 1959(a)(1) & (2).
    - Defendants: Pastor Palafox, Albert Lopez, Albert Perez, James Gillespie, Ernesto Gonzalez, Bradley Campos, Cesar Morales, and Diego Garcia.
- Count three – Using and carrying a firearm to commit murder during and in retaliation to a crime of violence, and aiding in abetting, in violation of 18 U.S.C. § 924(j)(1) & (2).
    - Defendants: Pastor Palafox, Albert Lopez, Albert Perez, James Gillespie, Ernesto Gonzalez, Bradley Campos, Cesar Morales, and Diego Garcia.
- Count four – Kidnapping in violation of 18 U.S.C. § 1959(a)(1) & (2).
    - Defendants: Victor Ramirez and Edward Chelby.
- Count five – Assault in violation of 18 U.S.C. § 1959(a)(3) & (2).
    - Defendants: Victor Ramirez and Edward Chelby.
- Count six – Kidnapping in violation of 18 U.S.C. § 1959(a)(1) & (2).
    - Defendants: Johnny Neddenriep, Darin Grieder, Thomas Garretson, Bert Davisson, and Mathew Dunlap.
- Count seven – Using and carrying a firearm during and in retaliation to a crime of violence, and aiding in abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (2).
    - Defendants: Johnny Neddenriep, Darin Grieder, Thomas Garretson, Bert Davisson, and Mathew Dunlap.
- Count eight - Assault in violation of 18 U.S.C. § 1959(a)(3) & (2).
    - Defendants: Johnny Neddenriep, Darin Grieder, Thomas Garretson, Bert Davisson, and Mathew Dunlap.
- Count nine – Using and carrying a firearm during and in retaliation to a crime of violence, and aiding in abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (2).
    - Defendants: Johnny Neddenriep, Darin Grieder, Thomas Garretson, Bert Davisson, and Mathew Dunlap.
- Count ten – Taking of a motor vehicle in violation of 18 U.S.C. § 2119(2) & 2.
    - Defendants: Johnny Neddenriep, Darin Grieder, Thomas Garretson, Bert Davisson, and Mathew Dunlap.
- Count eleven – Conspiracy to possess with intent to deliver a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).

- o Defendant Jeremy Halgat.
- Count twelve – Using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i).
  - o Defendant Jeremy Halgat.

## II. PROCEDURAL HISTORY

Defendant Siemer filed a motion requesting the court to set a deadline for the government to propose trial groups. (Mot. to Set Deadline (ECF No. 693).) Defendant Palafox then filed this motion, proposing that he be placed in a trial group with defendants Lopez, Perez, Gillespie, Gonzalez, Campos, Morales, and Garcia. (Mot. regarding Proposed Trial Groups (ECF No. 782) at 6.) The court subsequently granted defendant Siemer's motion for a deadline and ordered the government file its proposed trial groups by September 3, 2018. (Order (ECF No. 1118).)

In its response, the government proposed the following groups for trial:

| Group 1 | Group 2 | Group 3 |
|---|---|---|
| Palafox | Neddenriep | Ramirez |
| Lopez | Davisson | Henderson |
| Gillespie | Dunlap | Carr |
| Perez | Lozano | Coleman |
| Gonzalez | Voll | Halgat |
| Campos | Juarez | Chelby |
| Morales | Siemer | |
| Garcia | | |

The government requests that the groups be tried in numerical order, with group 1 first. (Resp. to Mot. to Set Deadline (ECF No. 1139).) Defendants Perez, Gonzalez, Garcia, Lozano, Juarez, and Halgat do not object to the proposal. (ECF Nos. 1188, 1157, 1195, 1204, 1212, 1156). Whereas, objections were filed by defendants Campos, Morales, Siemer, and Carr. (ECF Nos. 1205, 1147, 1154, 1162.) Specifically, counsel for defendants Morales and Campos argue that they are unable to proceed in the first group due to conflicts with other trials. (ECF Nos. 1147, 1205.) Defendant Seimer requests that he be placed in group 1, and Carr argues that the trial groups should be arranged by culpability. (ECF Nos. 1154, 1162.) After the filing of Carr's reply, Carr was dismissed from this case without prejudice. (Order (ECF No. 1230).)

//

//

## III. DISCUSSION

Rule 8 of the Federal Rules of Criminal Procedure permits the joinder of defendants or offenses named in the same criminal indictment. Fed. R. Crim. P. 8. The court may sever the trials of defendants joined in an indictment, under Rule 14. Fed. R. Crim. P. 14(a). Generally, policy favors joint trials for defendants jointly indicted. *See United States v. Polizzi*, 801 F.2d 1543, 1553 (9th Cir. 1986). However, the court has broad discretion to order separate trials "as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). The Ninth Circuit, and other circuits, recognize that the district court has discretion to organize the size of its cases in the interest of judicial economy and case management. *See United States v. Kennedy*, 564 F.2d 1329, 1334 (9th Cir. 1977); *United States v. Moya-Gomez*, 860 F.2d 706, 754 (7th Cir. 1988); *United States v. Casamento*, 887 F.2d 1141, 1151–53 (2nd Cir. 1989). This district recognizes that complex cases involving multi-defendants creates a burden on all parties involved, including the defendants, counsel, jurors and the court. *United States v. Mancuso*, 130 F.R.D. 128 (D. Nev. 1990); *see also United States v. Bundy*, No. 2:16-cr-00046-GMN-PAL, 2016 WL 7241242, at *11 (D. Nev. Dec. 13, 2016).

Here, there is a 45-page, 12-count indictment naming the twenty codefendants scheduled for trial on January 28, 2019. The indictment is a cumulation of alleged criminal activity dating back to 2005, with charges ranging from conspiracy, kidnapping, assault and murder. While all defendants are named in count 1, the number of defendants vary in the remaining counts. The sheer complexity of a joint trial in this case would undoubtedly create a burden on defendants, counsel, the jurors, and the court. For those reasons, the court finds that severance is necessary to preserve judicial economy and facilitate case management.

The court will now address the government's proposed trial groups. The government proposes three trial groups based on "the nature of the charges, the number of defendants charged with the same or similar crimes, the locations of the defendants, and the need to create manageably-sized groups." (Resp. to Mot. to Set Deadline (ECF No. 1139) at 2.) The first group consists of the defendants named in count 2's murder charge, and the firearm charge in count 3. Group 2 consists of defendants "from the Reno area or charged with crimes that occurred in the

Reno area . . ." (*Id.* at 2-3.) Lastly, group 3 consists of defendants charged with crimes that occurred in the Las Vegas area. (*Id.* at 3.)

Of the twenty defendants scheduled for trial, only nine of the defendants filed a response to the government's proposal. The court will regard the failure to file a response by the 11 defendants as consent to granting the motion. *See* LCR 47-2 ("[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."). Six of the defendants that filed a response indicated that they have no objection to the proposed trial groups. Thus, the court will address only the three objections to the proposed groups.

Counsel for defendants Campos and Morales both state that other trials and scheduling conflicts interfere with trial preparation in this case. While the court is cognizant of the heavy and demanding caseload attorneys' carry, the court is, regretfully, unable to fully accommodate the schedules of counsel for each defendant.

Defendant Siemer argues that he should be placed in the first group because "[i]t would make the most sense under the Speedy Trial Act . . . as he is in custody and has yet to waive his right since his arrest . . . ." Siemer further argues that he has a connection to the murder alleged in count 1, as he testified in a related state case for the prosecution. The court is not persuaded by Siemer's arguments. First, defendant does not raise any specific allegations of a Speedy Trial violation that would occur if he proceeded in group 2. Second, the Speedy Trial Act expressly tolls the time relating to continuances granted on the court's motion with regard to the unusual complexity of a case, such as this one. *See* 18 U.S.C. § 3161(7)(A) &(B). Lastly, while Siemer may have had some involvement in a related proceeding to the murder charge in count 2, he is not facing any charges related to that murder in this case. Thus, there is no basis for placing Siemer in group 1.

Having reviewed the government's proposal, the defendants' responses, and the indictment, the court agrees with the proposed trial groupings. The court will therefore order that defendants be placed into three separate trial groups. Group 1 will consist of Palafox, Lopez, Gillespie, Perez, Gonzalez, Campos, Morales and Garcia. Defendants Neddenriep, Davisson,

Dunlap, Lozano, Voll, Juarez, Siemer are in group 2.  The remaining defendants, Ramirez, Henderson, Coleman, Halgat and Chelby, are in group 3.  Trials for group 2 and 3 are to begin 30 days following the conclusion of the proceeding trial.

**IV.  CONCLUSION**

IT IS THEREFORE ORDERED that defendant Pastor Palafox's motion regarding proposed trial groups (ECF No. 782) is GRANTED.

IT IS FURTHER ORDERED that the trial of the 20 defendants shall be severed into three groups for three separate trials consisting of:

> Group 1: Palafox, Lopez, Gillespie, Perez, Gonzalez, Campos, Morales and Garcia
> Group 2: Neddenriep, Davisson, Dunlap, Lozano, Voll, Juarez, Siemer
> Group 3: Ramirez, Henderson, Coleman, Halgat and Chelby

IT IS FURTHER ORDERED that motions for joinder filed by defendants Perez, Coleman, Campos, Garcia, Gonzalez, Neddenriep, Lopez, Juarez, and Chelby (ECF Nos. 792, 794, 801, 838, 847, 856, 870, 887, 965, 1195) are GRANTED.

IT IS FURTHER ORDERED that defendant Davisson's omnibus joinder (ECF No. 1053.) is GRANTED IN PART only as to Palafox's regarding proposed trial groups (ECF No. 782). The court will leave the motion (ECF No. 1053) pending on the docket for tracking purposes.

IT IS FURTHER ORDERED that defendant Palafox's motion for joinder to set trial groups (ECF No. 870) is DENIED as moot.

DATED: October 23, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE