# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| ALBERT LOPEZ, | |
| Defendant. | |

This matter is before the court on defendant Albert Lopez' motion to dismiss counts one, two, and three of the Indictment based upon presentation of materially false information to the grand jury (ECF No. 845), filed on August 12, 2018. The government filed a response (ECF No. 1175) on September 27, 2018, and defendant filed a reply (ECF No. 1320) on October 15, 2018. The government moved to file a surreply (ECF No. 1340), and filed a surreply (ECF No. 1341), on November 1, 2018. Lopez moved to strike the surreply (ECF No. 1344) on November 5, 2018. The government's motion to file a surreply is denied as unnecessary, and therefore, Lopez's motion to strike the government's reply is denied as moot.

Defendants Neddenriep, Perez, Halgat, Juarez, Morales, Henderson, Garcia, Gonzalez, Gillespie, Palafox, Coleman, Ramirez, Voll, Campos, and Juarez[1] move to join the motion to dismiss. (ECF Nos. 855, 867, 875, 894, 911, 933, 950, 962, 970, 983, 1009, 1044, 1079, 1098, 1324). Because each is charged, at least, with a violation of count one, the joinders are granted.[2]

---

[1] Defendant Juarez filed two motions to join this motion.

[2] The court notes that some of the co-defendants seeking to join the instant motion claim they are "similarly situated" to the defendant, but fail to provide any further analysis. *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant); *United States v. Cerna*, 2011 WL 500229, at \*12 (N.D. Cal. 2011) (unpublished) (denying a joinder based on a blanket claim that joining defendant was similarly situated and there were "common issues"); *United States v. Svihel*, 2016 WL 1212364, at \*6 (D. Minn. 2016) (denying a joinder on the basis it failed to

## I. BACKGROUND

On June 14, 2017, a Superseding Criminal Indictment was filed charging defendant Albert Lopez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d) (Count One); Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm During and in Relation to a Crime of Violence, Causing Death, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding Indictment (ECF No. 13).) The charges arise from allegations that Lopez and his twenty-two codefendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity. (*Id.*)

On April 9, 2018, the court denied Lopez's motion to compel the release of the grand jury transcripts after conducting an *in camera* review of the transcripts. (Order (ECF No. 581).) Lopez now moves to dismiss counts one, two, and three of the indictment, arguing that the indictment was allegedly obtained by the presentation of Gary Rudnick's false testimony to the grand jury. (Mot. to Dismiss (ECF No. 845).) The government responds that the instant motion repeats many of Lopez's arguments from his motion to compel the release of grand jury materials. (Resp. (ECF No. 1175).) The government further argues that Lopez has failed to provide any evidence other than speculation, and thus, the motion should be denied. (*Id.*) Lopez replies, reiterating his initial arguments and argues that the court should require the government to confirm that Mr. Rudnick was a source of information presented to the grand jury. (Reply (ECF No. 1320).)

## II. ANALYSIS

Defendant Lopez argues that counts one, two, and three of the indictment must be dismissed because they were obtained in violation of due process. Specifically, he alleges that the government presented Mr. Rudnick's false testimony to the grand jury, and failed to present

---

provide the specific factual and legal basis for its request and the specific motion it sought to join).

evidence of Mr. Rudnick's subsequent recantation. Lopez repeats the arguments he made in his motion to compel seeking the release of grand jury materials. (*See* Mot. to Compel (ECF No. 527) at 7-12, 13-14.) There, and here, citing *United States v. Basurto*, Lopez argues that the requested material about Mr. Rudnick's testimony is necessary "to allege a due process violation occurred before the grand jury." *Id.* at 7; *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974). He further argues that if Mr. Rudnick's earlier statements about the murder were presented to the grand jury without his recantation, this would have been highly improper because an indictment based upon false or perjured testimony should be dismissed.

In previously denying Lopez's motion for release of the grand jury materials, the court analyzed the applicability of Rule 6(e) of the Federal Rules of Criminal Procedure, which codifies the traditional rule of grand jury secrecy, and found:

> The premise of Lopez's argument is that Rudnick's altered or recanted testimony was not made known to the grand jury. In order to determine the validity of Lopez's claim, the Court conducted an in camera inspection of the grand jury proceedings, and has now determined and finds that Lopez's claim is not substantiated. Because Lopez has not demonstrated a particularized need for further disclosure which would outweigh the need for grand jury secrecy, the request for "all grand jury transcripts and exhibits and other items presented to the grand jurors" concerning the alleged murder conspiracy is denied.

(*See* Order (ECF No. 581) at 4.)[3] Here, in analyzing Lopez's motion to dismiss, the same conclusion is appropriate. Having reviewed the grand jury transcripts *in camera*, the court finds that Mr. Rudnick's altered or recanted testimony was made known to the grand jury. Accordingly, because the government did not provide false evidence to the grand jury, there is no factual basis for the motion to dismiss, and it is denied.

## III.    CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Albert Lopez' motion to dismiss counts one, two, and three of the superseding indictment (ECF No. 845), be DENIED.

---

[3] This grand jury information is revealed pursuant to Fed. R. Crim. P. 6(e)(3)(E)(I), which authorizes disclosure of grand jury information in connection with a judicial proceeding.

1   IT IS FURTHER ORDERED that the government's motion to file a surreply (ECF No.
2   1340) is DENIED.

3   IT IS FURTHER ORDERED that defendant Lopez's motion to strike the government's
4   surreply (ECF No. 1344) is DENIED as moot.

5   IT IS FURTHER ORDERED that defendants Neddenriep, Perez, Halgat, Juarez, Morales,
6   Henderson, Garcia, Gonzalez, Gillespie, Palafox, Coleman, Ramirez, Voll, Campos, and Juarez's
7   motions for joinder (ECF Nos. 855, 867, 875, 894, 911, 933, 950, 962, 970, 983, 1009, 1044,
8   1079, 1098, 1324) are GRANTED.

## IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 29, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE