# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO MANUEL GONZALEZ, et al.,<br><br>Defendants. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Presently before the court is defendant Ernesto Manuel Gonzalez's Motion to Suppress Cell Site Location Information (CSLI) and Text Message Content Under the Fourth Amendment and 18 U.S.C. § 2703(c)(1)(A) and § 2703(a) & (b) (ECF No. 804), filed on August 10, 2018. The government filed a response (ECF No. 1187) on September 27, 2018, which it subsequently amended (ECF No. 1215) on October 3, 2018. Gonzalez filed a reply (ECF No. 1259) on October 10, 2018.

Defendants Garcia, Neddenriep, Halgat, Perez, Juarez, Morales, Henderson, Gillespie, Chelby, Coleman, Ramirez, Davisson, and Voll filed motions for joinder to the motion to suppress (ECF Nos. 842, 850, 875, 879, 890, 904, 922, 967, 973, 1005, 1045, 1053, 1079). Defendants Garcia, Henderson, and Campos also filed motions for joinder (ECF Nos. 1293, 1297, 1310) to Gonzalez's reply in support of the motion to suppress, though Campos did not join in the original motion.

**I.    MOTION TO SUPPRESS**

The parties are familiar with the facts of this case and the court will repeat them here only as necessary. Gonzalez moves to suppress CSLI and text message content that the government obtained from Verizon for Gonzalez's cellular telephone number 415-760-3446, including

1  historical CSLI that chronicled Gonzalez's past movements and real time CSLI that chronicled
2  Gonzalez's movements as they occurred.  Relying on the Fourth Amendment, Gonzalez argues
3  the information was obtained without a warrant.

4      The government responds that the motion is moot because it does not intend to offer the
5  real time CSLI as evidence at trial.  It further responds that the CSLI and text message content
6  covered a short period of time, did not lead to Gonzalez's arrest, the seizure of any evidence, or
7  the development of any leads.  Thus, the government argues there is no evidence to suppress.
8  The government also argues none of the defendants who joined the motion have standing to
9  challenge the search as they did not have a reasonable expectation of privacy in Gonzalez's
10 cellular telephone.  Gonzalez replies that his motion should be granted because the government
11 does not intend to offer the evidence at trial.

12     Given that the government represents it will not offer the CSLI and text message content
13 at trial, Gonzalez's motion to suppress is moot.  The court therefore will recommend denial of the
14 motion.

15 **II.     JOINDERS**

16     Regarding the various motions for joinders to the motion to suppress, the defendants argue
17 they are similarly situated to Gonzalez.  But none of them provide points and authorities
18 explaining how they have a reasonable expectation of privacy in the CSLI and text message
19 content of Gonzalez's cellular telephone.  Some of the motions for joinder are omnibus motions
20 that were filed as an attempt to join multiple motions without providing a specific factual or legal
21 basis for joining in any of the underlying motions.

22     An individual seeking to exclude evidence allegedly obtained in violation of the Fourth
23 Amendment protections must have standing.  *United States v. Pulliam*, 405 F.3d 782, 785-86 (9th
24 Cir. 2005).  The defendant bears the burden of demonstrating that his Fourth Amendment rights
25 were violated by the unlawful search and seizure.  *United States v. Caymen*, 404 F.3d 1196, 1199
26 (9th Cir. 2005).  The Fourth Amendment's protections may be invoked by a criminal defendant if
27 he can demonstrate a "legitimate expectation of privacy in the place searched or of the item[s]
28 seized."  *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007).  A defendant lacks

standing when his expectation of privacy has not been infringed. *Pulliam*, 405 F.3d at 785- 86; *United States v. Thomas*, 447 F.3d 1191, 1199 n.9 (9th Cir. 2006).

Given that none of the defendants who filed motions for joinders to Gonzalez's motion or reply brief explained their specific factual and legal basis to challenge the search, the court will deny the motions for joinder. *See Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1152-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant); *see also* LCR 47-1 (requiring a motion in a criminal case to be supported by a memorandum of points and authorities).

## III. RECOMMENDATION AND ORDER

IT IS RECOMMENDED that defendant Ernesto Manuel Gonzalez's Motion to Suppress Cell Site Location Information (CSLI) and Text Message Content Under the Fourth Amendment and 18 U.S.C. § 2703(c)(1)(A) and § 2703(a) & (b) (ECF No. 804) be DENIED as moot.

IT IS ORDERED that defendants Garcia, Neddenriep, Halgat, Perez, Juarez, Morales, Henderson, Chelby, Coleman, Ramirez, and Voll's motions for joinder to the motion to suppress (ECF Nos. 842, 850, 879, 890, 904, 922, 973, 1005, 1045) are DENIED.

IT IS FURTHER ORDERED that defendants Lopez, Gillespie, Davisson, and Voll's omnibus motions for joinder (ECF Nos. 875, 967, 1053, 1079) are DENIED to the extent they seek to join Gonzalez's motion to suppress (ECF No. 804).

IT IS FURTHER ORDERED that defendants Garcia, Henderson, and Campos's motions for joinder (ECF Nos. 1293, 1297, 1310) to Gonzalez's reply in support of the motion to suppress are DENIED.

## IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 6, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE