# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| ALBERT LOPEZ, et al., | |
| Defendants. | |

Presently before the court is defendant Albert Lopez's motion for notice of expert testimony (ECF No. 869), filed on August 13, 2018. The government filed a response (ECF No. 1194) on September 27, 2018, and Lopez filed a reply (ECF No. 1319) on October 15, 2018.

Defendants Perez, Gonzalez, Morales, Henderson, Juarez, Garcia, Chelby, Palafox, Neddereip, Coleman, Ramirez, Davisson, Voll, Campos and Dunlap move to join the motion for notice of expert testimony. (ECF Nos. 883, 897, 916, 938, 940, 943, 958, 971, 989, 1000, 1014, 1048, 1053, 1079, 1096, 1109). Juarez joined Lopez's reply. (ECF No. 1323).

On June 14, 2017, a Superseding Criminal Indictment was filed charging defendant Albert Lopez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d) (Count One); Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm During and in Relation to a Crime of Violence, Causing Death, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding Indictment (ECF No. 13).) The charges arise from allegations that Lopez and his twenty-two codefendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity. (*Id.*)

Lopez moves for notice of all expert testimony no later than 60 days before trial, and no later than October 1, 2018 for gang-related testimony, arguing that it requires additional time to challenge the admissibility and scope of gang evidence. He further provides a detailed list of specific information requested in the notice beyond that required by the Federal Rules of Criminal Procedure. The government indicates it intends to call a gang expert in its case in chief, will comply with rules and authority governing the scope of disclosure and testimony of gang experts, and agrees it should provide notice in accordance with the complex case scheduling order. The scheduling order provides that notice of experts shall be 30 days before trial. (Scheduling Order (ECF No. 513).)

In their joinders, Gonzalez and Juarez also request staggered dates for the government and defense expert disclosures, arguing a staggered schedule is sensible because a defense case-in-chief is in response to the government's case-in-chief. The government does not respond to this argument.

Federal Rule of Criminal Procedure 16(a)(1)(G) provides that at "the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. *Id.*

Trial for defendants Palafox, Lopez, Gillespie, Perez, Gonzalez, Campos, Morales, and Garcia is set to begin on January 28, 2019. (Min. Order (ECF No. 692).) Although the court is cognizant of the demands of pretrial preparation, as argued by Lopez, each of these defendants is represented by two defense counsel who can address the admissibility of gang expert testimony as well as other pretrial issues. Accordingly, the government's expert disclosures need not be advanced, and are due December 28, 2018.

As for the request to stagger expert disclosure deadlines, the court will grant the request as unopposed. *See* Gov't Resp. (ECF No. 1194) at 2:18-20 (stating that it "has no objection to the motions for joinder" including ECF No. 897, which is the joinder that requests the staggered schedule); LCR 47-3 (stating that the "failure of an opposing party to include points and

authorities in response to any motion constitutes a consent to granting the motion."). Defendants' expert disclosures are due 15 days before trial.

IT IS THEREFORE ORDERED that defendant Albert Lopez's motion for notice of expert testimony (ECF No. 869) is GRANTED in part and DENIED in part. It is granted to the extent the government must provide the appropriate notice required by Rule 16(a)(1)(G). It is denied in all other respects. The government's disclosure under Rule 16(a)(1)(G) is due no later than December 28, 2018 for defendants Palafox, Lopez, Gillespie, Perez, Gonzalez, Campos, Morales, and Garcia.

IT IS FURTHER ORDERED that defendants Perez, Morales, Henderson, Garcia, Chelby, Palafox, Neddereip, Coleman, Ramirez, Davisson, Voll, Campos, and Dunlap's motions to join the motion for notice of expert testimony (ECF Nos. 883, 916, 938, 940, 958, 971, 989, 1000, 1014, 1048, 1053, 1079, 1096, 1109, 1323) are GRANTED.

IT IS FURTHER ORDERED that defendants Gonzalez and Juarez's motions for joinders (ECF Nos. 897, 943) are GRANTED to the extent that the court will stagger expert discovery disclosure dates for the government and defendants. Defendants' expert disclosure is due no later than 15 days before trial. The joinders are denied in all other respects.

IT IS FURTHER ORDERED that the government's disclosure under Rule 16(a)(1)(G) is due no later than 30 days before the trial for the remaining defendants in subsequent trial groups.

IT IS FURTHER ORDERED that expert disclosures for the remaining defendants in subsequent trial groups are due no later than 15 days before trial.

DATED: December 10, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE