**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATHEW KEITH DUNLAP, et al.,<br><br>Defendants. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant Mathew Keith Dunlap's motion to dismiss counts Six, Seven, Eight, Nine, and Ten pursuant to 18 U.S.C.S. § 3282 (ECF No. 1001), filed on August 13, 2018.  The government filed a response (ECF No. 1180) on September 27, 2018.  Dunlap did not file a reply.

Defendants Garcia, Neddenriep, Halgat, Perez, Voll, Juarez, and Davisson move to join the motion to dismiss.  (ECF Nos. 1016, 1025, 1063, 1066, 1079, 1089, 1111).

**I.   BACKGROUND**

On September 15, 2011, Dunlap allegedly participated with defendants Neddenriep, Greider, Davisson, and Garretson to kidnap and assault with the use of a deadly weapon M.H. in Carson City, Nevada, while allegedly taking M.H.'s motor vehicle.  On September 6, 2016, the government obtained an indictment against Dunlap, alleging Count One Kidnapping; Count Two, Using and Carrying a Firearm and in Relation to a Crime of Violence (aiding and abetting); Count Three, Assault; Count Four, Using and Carrying a Firearm and in Relation to a Crime of Violence (aiding and abetting); and Count Five, Taking of a Motor Vehicle.  (Indictment, ECF No. 1.)  The indictment was filed under seal and a warrant was issued for Mr. Dunlap's arrest.  (ECF Nos. 3, 7.)  The government did not execute the arrest warrant.  On June 14, 2017, a

Superseding Criminal Indictment was filed which renumbered the original counts One through Five as counts Six through Ten, and added the charge of Count One, Conspiracy to participate in a Racketeering Enterprise.

Dunlap now moves to dismiss Counts Six through Ten for violation of the statute of limitations. (Superseding Indictment (ECF No. 13).) He contends that the Superseding Indictment expanded the charges against him by adding Count One for Conspiracy to Participate in a Racketeering Enterprise and related factual allegations, but it was filed after the statute of limitations had run. Dunlap does not, however, move to dismiss Count One.

The government responds that the indictment charging Dunlap was filed within the five-year statute of limitations, and although it was sealed, the statute of limitations was nevertheless satisfied. The government further responds that a comparison of Counts One through Five of the Indictment and Counts Six through Ten of the Superseding Indictment demonstrate there are no substantive changes or broadening of these charges. As for the new conspiracy charge in Count One of the Superseding Indictment, the government argues it was timely charged and the inclusion of additional counts charging new substantive offense does not broaden the charges contained in the original indictment, but adds to them.

**II.   ANALYSIS**

**A.  Motion to Dismiss**

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)).

Title 18 U.S.C.S. § 3282 (a) states:

In general. Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Dunlap correctly notes that the statute of limitations for the offenses alleged to have occurred on September 15, 2011 expired on September 15, 2016. Dunlap was indicted on September 6, 2016, and the indictment was therefore "found," on that date, and within the statute of limitations. *See United States v. Bracy*, 67 F.3d 1421, 1426 (9th Cir. 1995) (stating that an indictment is found when the grand jury returns it). Although a superseding indictment was filed later, on June 14, 2017, counts One through Five were carried forward to counts Six through Ten, and Dunlap makes no argument that the counts are different.

Although the indictment was sealed, it was still "found" for the purposes of the statute of limitations on the date it was returned by the grand jury. *See Bracy*, 67 F.3d at 1426; *United States v. Lakin*, 875 F.2d 168, 170 (8th Cir. 1989). The filing of an indictment tolls the statute of limitations, and prosecution under a superseding indictment filed outside the state of limitations can proceed so long as the superseding indictment does not make substantive changes. *United States v. Madrid*, 842 F.2d 1090, 1096 (9th Cir. 1988).

Statutes of limitation are the primary safeguard against pre-indictment prejudicial delay. *Betterman v. Montana*, 136 S. Ct. 1609, 1613 (2013). Preindictment delay that results from negligence or worse may violate due process. *United States v. Ross*, 123 F3d 1181, 1185 (9th Cir. 1997). To succeed on his claim that he was denied due process because of pre-indictment delay, a defendant must satisfy both prongs of a two-part test. "First, he must prove 'actual, nonspeculative prejudice from the delay.'" *United States v. De Jesus Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (citation omitted). "Second, the length of the delay is weighed against the reasons for the delay, and the delay must offend those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Id.* (citation omitted). To show actual prejudice, a defendant must provide more than unsubstantiated claims that delay caused memories to diminish, precluded discovery, or resulted in the loss of evidence. *Id.; see also*

*United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice.").[1]

Dunlap makes no argument that the delay violated any fundamental conceptions of justice or that the delay in indicting him was intended to place him at a disadvantage. He argues that he has been prejudiced by the delay in indictment because co-defendant Garretson died in the interim, but he fails to explain how the loss of Garretson causes prejudice. The government correctly notes that Garretson could not have been called as a witness because he was a defendant. The court finds that, under the circumstances, the delay was not unreasonable.

To the extent Dunlap argues the new conspiracy charge in Count One of the Superseding Indictment broadened the previous charges, the conspiracy claim does not make substantive changes to the previous charges, but adds to them. Additionally, Dunlap is charged with committing at least one overt act in support of the conspiracy within the five years preceding the June 14, 2017 filing of the Superseding Indictment. (*See* Superseding Indictment (ECF No. 13) at Overt Act 66 (alleging Dunlap traveled in a pack of motorcycles wearing Vagos riding vests to confront the rival "POBOBs" and "Saxons" at a Minden/Gardenville, Nevada "toy run" on October 28, 2012).) Accordingly, the court will recommend that Dunlap's motion to dismiss be denied.

**B.  Motions to Join**

Defendants Garcia, Neddenriep, Halgat, Perez, Voll, Juarez, and Davisson move to join the motion to dismiss. Although the co-defendants seeking joinder claim they are "similarly situated," they fail to provide any further analysis, and so the court has little basis to evaluate the motions. *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant).

---

[1] Generally, protection from lost testimony "falls solely within the ambit of the statute of limitations." *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir. 1989) (citations omitted).

Regardless, because defendants Neddenriep and Davisson are charged with counts Six through Ten, their motions to join are granted.

Defendants Garcia, Halgat, Perez, Voll, and Juarez are not charged with counts Six through Ten, and so their motions to join are denied.

## III. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Mathew Dunlap's motion to dismiss counts Six, Seven, Eight, Nine, and Ten pursuant to 18 USC 3282 (ECF No. 1001) be DENIED.

IT IS ORDERED that defendants Garcia, Halgat, Perez, Voll, and Juarez's motions to join the motion (ECF Nos. 1016, 1063, 1066, 1079, 1089) are DENIED.

IT IS FURTHER ORDERED that defendants Neddenriep and Davisson's motions to join the motion (ECF Nos. 1025, 1111) are GRANTED.

## IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 11, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE