# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| VICTOR ADAM RAMIREZ, | |
| Defendant. | |

Presently before the court is defendant Victor Adam Ramirez's motion for release of grand jury transcripts (ECF Nos. 1050, 1057), filed August 14, 2018, and the government's response (ECF No. 1184), filed September 27, 2018. Ramirez did not file a reply.

Defendants Morales, Halgat, Perez, Coleman, Henderson, Juarez, and Garcia move to join the motion. (ECF Nos.1062, 1063, 1069, 1077, 1083, 1094, 1101).

On June 14, 2017, a federal grand jury seated in the District of Nevada, returned a superseding criminal indictment charging defendant Ramirez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d), Kidnapping, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, and Assault, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2. (Superseding Indictment (ECF No. 13).)

Ramirez moves for the production of grand jury transcripts to ascertain whether the jury was made to rely upon improperly ascertained, or false statements, in reaching an indictment against him, or in the alternative, copies of the parts that mention his name. Ramirez suspects that Agent Brancato misrepresented statements to the grand jury, and the transcripts would allow evaluation of the truthfulness of the agent's statements. The government responds that Ramirez fails to demonstrate a need for early disclosure of grand jury transcripts.

**I. ANALYSIS**

Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy. With specified exceptions, it prohibits disclosure of "matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). "A party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995), *opinion withdrawn in part on reh'g*, 116 F.3d 840 (9th Cir. 1997) (citations omitted). The standards the trial court should apply in granting disclosure of the grand jury transcripts are "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *Id.*

Ramirez argues only that he credibly suspects that Agent Brancato misrepresented his statements to the grand jury. But Ramirez provides absolutely no basis for his suspicion.[1] "Unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980). Accordingly, the motion is denied. Ramirez will have the opportunity to cross-examine Agent Brancato if he is called to testify at trial, and if so, should be provided his prior statements under the Jencks Act. 18 U.S.C. § 3500.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The government suggests that Ramirez's suspicion results from a disproved report and recommendation in a different, but related case. Ramirez did not reply. The court declines to evaluate this motion on such a suggestion.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendants Morales, Halgat, Perez, Coleman, Henderson, Juarez, and Garcia's motions to join the motion for release of grand jury transcripts (ECF Nos. 1062, 1063, 1069, 1077, 1083, 1094, 1101) are GRANTED.

IT IS FURTHER ORDERED that Ramirez's motion for release of grand jury transcripts (ECF Nos. 1050, 1057) is DENIED.

DATED: December 11, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE