# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| ERNESTO MANUEL GONZALEZ, et al., | |
| Defendants. | |

Presently before the court is defendant Ernesto Manuel Gonzalez's motion for pre-trial *Brady* and *Giglio* information, materials, and evidence for potential government witnesses, including favorable materials for special circumstance witnesses (ECF No. 802), filed August 10, 2018, the government's response (ECF No. 1196), filed September 27, 2018, and Gonzalez's reply (ECF No. 1235), filed October 8, 2018.

Also before the court is defendant Jeremy Halgat's motion for early disclosure of Jencks material and timely disclosure of *Brady/Giglio* material (ECF No. 861), filed August 13, 2018, the government's response (ECF No. 1177), filed September 27, 2018, and Halgat's reply (ECF No. 1267), filed October 11, 2018.

Defendants Garcia, Neddenriep, Perez, Lopez, Halgat, Juarez,[1] Morales, Henderson, Perez, Gillespie, Lopez, Palafox,[2] Coleman, Chelby, Ramirez, Davisson, and Voll move to join Gonzalez's motion. (ECF Nos. 840, 848, 862, 874, 875, 888, 901, 918, 941, 963, 967, 977, 988, 1003, 1021, 1039, 1053, 1079). Defendants Coleman, Henderson, Juarez, Garcia, and Voll joined Gonzalez's reply. (ECF Nos. 1240, 1257, 1275, 1290, 1296). Gonzalez, Morales, Juarez, Garcia,

---

[1] Juarez moved to join twice. ECF Nos. 888, 941.

[2] Palafox moved to join twice. ECF Nos. 977, 988.

Perez, Palafox, and Ramirez moved to join Lopez's motion to join. (ECF Nos. 876, 917, 941, 959, 963, 988, 1049.)

Defendants Perez, Morales, Henderson, Juarez, Garcia, Gillespie, Chelby, Palafox, Coleman, Neddenriep, Ramirez, Davisson, Voll, Gonzalez, Dunlap, and Campos move to join Halgat's motion. (ECF Nos. 882, 910, 936, 939, 955, 968, 969, 985, 1012, 1028, 1047, 1053, 1079, 1107, 1109, 1115.) Juarez, Garcia, Voll, Henderson, and Coleman moved to join Halgat's reply (ECF Nos. 1283, 1285, 1296, 1303, 1316.)

Gonzalez and Halgat move for the disclosure by the government of favorable discovery information at least 30 days before trial. The government indicates that it is aware of, and will comply with, its discovery obligations. Gonzalez disputes the scope of the government's discovery obligation.

Halgat additionally requests the early disclosure of Jencks material, arguing that it is necessary to ensure adequate time for defense preparation. The government responds it will comply with its obligations 10 days before trial. Halgat replies with a request for disclosure 30 days before trial.

The government does not oppose the joinders to the motion.

**I.  ANALYSIS**

    **A.  General discovery obligations**

As a general proposition, there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997). However, the government has a constitutional duty to disclose exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Supreme Court has also held that the government must disclose impeachment evidence, including all promises, inducements, or threats made to a witness in order to gain the cooperation of that witness in the investigation or prosecution of the defendant. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The *Brady/Giglio* doctrine does not require the government to disclose neutral, irrelevant, speculative or inculpatory evidence. *See, e.g., U.S. v. Stinson*, 647 F.3d, 1196, 1208 (9th Cir. 2011). Evidence is material under *Brady* if there is a reasonable probability that, if the government had disclosed the evidence to the defendant, the result of the proceeding would

have been different. *See United States v. Bagley*, 473 U.S. 667, 681 (1985); *see also United States v. Acosta*, 357 F. Supp. 2d 1228, 1243 (D. Nev. 2005) (materiality standard governs pretrial requests for Brady disclosure). Although *Brady* should be interpreted broadly to encourage prosecutors to carry out their duty, it does not require the government to disclose every scrap of evidence that could conceivably benefit a defendant. *See, e.g. Moore v. Illinois*, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work").

A defendant's allegation that the requested information might be material does not entitle him or her to an unlimited or unsupervised search of the government's files. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). The government alone determines which information must be disclosed pursuant to *Brady*, and this decision is final. *Id.* The Supreme Court has cautioned the government not to "tack[] too close to the wind" in determining whether material is exculpatory, and therefore should be produced. *Kyles v. Whitley*, 514 U.S. 419, 439 (1995). However, the government has the responsibility to make judgment calls about what qualifies as "favorable evidence" and whether certain evidence is "favorable" depends on the context of the existing or potential evidentiary record. *Id.* The prosecutor is a representative of the government whose interests in criminal prosecution is not "that it shall win a case, but that justice shall be done." *Id.* (internal quotations and citations omitted). Therefore, "the prudent prosecutor will resolve doubtful questions in favor of disclosure." *Id.*

The government also has a duty to learn of exculpatory and impeachment information. *Id.* Under that duty, a federal prosecutor must "learn of any favorable evidence known to others acting on the government's behalf in this case, including the police." *Id.* This includes state and local police officers participating in a federal investigation. *See United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009).

The prosecutor's duty turns on the extent to which the prosecutor has knowledge of and access to the documents sought by the defendant. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). Prosecutors are deemed to have access to information in the possession of a federal agency participating in the investigation of a defendant. *United States v. Bryan*, 868 F.2d

1032, 1036 (9th Cir. 1989). Prosecutors are also deemed to have access to information held by a federal agency charged with "administration of the statute, which has consulted with the prosecutor in the steps leading to prosecution." *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995). But federal prosecutors are not deemed to have access to information kept by state agencies. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). *But see United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 474 (E.D. Ca. 1994) (holding that "non-federal entities … [may] come within the government's control when the government plans to utilize personnel within the entities as it expert witnesses").

Conversely, a prosecutor's duty to learn of and produce *Brady* material has limits. A prosecutor has no duty to "comb the files of every federal agency which might have documents regarding the defendant in order to fulfill his or her obligations." *Bryan*, 868 F.2d at 1032. Nor does a prosecutor have an "obligation to turn over materials not under its control." *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991).

The Jencks Act, in order to provide for full and fair cross-examinations, requires the United States to provide the defense with any statements made by a witness relating to his or her testimony after that witness has testified on direct examination. 18 U.S.C. § 3500. A statement for the purposes of the Jencks Act is: (1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury. 18 U.S.C. § 3500(e).

**B. Discovery requests**

Gonzalez makes 30 general requests for discovery information. The government argues that Gonzalez demands information under *Brady* and *Giglio* regarding bias interests and credibility information which exceeds its duty to disclose. Gonzalez replies that caselaw and Department of Justice Policy create a broader disclosure obligation. The parties present no particular dispute regarding any particular evidence. As a consequence, the court is left with no

particular dispute to resolve, and can only provide guidance regarding general discovery obligations, of which the parties are already aware. The parties should meet and confer regarding any particular discovery requests and bring specific unresolved disputes to the court.

The government indicates that it will comply, as it must, with its pre-trial discovery obligations, with all doubts resolved in favor of disclosure, and will provide the required information 30 days before trial, except if the release would risk exposing others to harm, in which case a protective order will be requested. Additionally, if information is learned within the 30-day period, it will then be provided to the defense. Rodriguez argues that, to allow litigation of the issue, the government should request a protective order before the 30-day period if it knows one will be required, and the court agrees.

**C. Lopez's joinder to Gonzalez's motion**

Lopez's joinder requests a variety of additional discovery which appears to be a duplicate of a discovery request previously made. (*See* Motion (ECF No. 527).) The court previously addressed and denied those requests. (Order (ECF No. 581).) No appeal was filed regarding the previous decision. Accordingly, Lopez's requests are denied.

**D. Halgat's request for early disclosure of Jencks material**

Both the Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure, which incorporates the Jencks Act, provide that *after* a witness called by the government has testified, a criminal defendant, upon motion, is entitled to any prior statements made by the witness that relate to the subject matter of the witness's testimony. 18 U.S.C. § 3500. When the defense seeks material that qualifies as both Jencks Act and *Brady* material, the Jencks Act controls with respect to the timing of disclosure. *United States v. Alvarez*, 358 F3d 1194, 1211 (9th Cir. 2004). The court does not have the authority to compel the Government to produce Jencks Act statements before a witness testifies. *See United States v. Mills*, 641 F.2d 785, 789–90 (9th Cir. 1981), *cert. denied*, 454 U.S. 902 (1981). An order requiring early disclosure is unenforceable. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986), *cert. denied*, 479 U.S. 1094 (1987).

Halgat requests disclosure of Jencks material 30 days before trial to allow adequate time to investigate and prepare for the defense. The government notes that it has provided extensive

discovery in this matter, including discovery specifically regarding Counts 11 and 12 since 2013. It has agreed to provide this material no later than 10 days before trial, pursuant to the complex case scheduling order. (Order (ECF No. 513).) Recognizing that considerable discovery has been provided to the defense, and absent a particularized reason for early disclosure of the testimony of any particular witness, the request for early disclosure is denied.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the joinders to motion for Gonzalez's motion for pre-trial *Brady, Giglio* information, materials, and evidence for potential government witnesses, including favorable materials for special circumstance witnesses by defendants Garcia, Neddenriep, Perez, Lopez, Halgat, Juarez, Morales, Henderson, Perez, Gillespie, Lopez, Palafox, Coleman, Chelby, Ramirez, Davisson, and Voll (ECF Nos. 840, 848, 862, 874, 875, 888, 901, 918, 941, 963, 967, 977, 988, 1003, 1021, 1039, 1053, 1079) are GRANTED.

IT IS FURTHER ORDERED that the motions to join Gonzalez's reply (ECF Nos. 1240, 1257, 1275, 1290, 1296) by defendants Coleman, Henderson, Juarez, Garcia, and Voll are GRANTED.

IT IS FURTHER ORDERED that the motions to join Lopez's motion to join Gonzalez's motion by Gonzalez, Morales, Juarez, Garcia, Perez, Palafox, and Ramirez (ECF Nos. 876, 917, 941, 959, 963, 988, 1049) are GRANTED.

IT IS FURTHER ORDERED that the motions to join Halgat's motion for early release of Jencks material by defendants Perez, Morales, Henderson, Juarez, Garcia, Gillespie, Chelby, Palafox, Coleman, Neddenriep, Ramirez, Davisson, Voll, Gonzalez, Dunlap, and Campos (ECF Nos. 882, 910, 936, 939, 955, 968, 969, 985, 1012, 1028, 1047, 1053, 1079, 1107, 1109, 1115), and Juarez, Garcia, Voll, Henderson, and Coleman's motions to join Halgat's reply (ECF Nos. 1283, 1285, 1296, 1303, 1316) are GRANTED.

IT IS FURTHER ORDERED that Gonzalez's motion for pre-trial Brady, Giglio information, materials, and evidence for potential government witnesses, including favorable materials for special circumstance witnesses (ECF No. 802) is GRANTED as set forth in this order. Such disclosures are due no later than December 28, 2018 for defendants Palafox, Lopez,

Gillespie, Perez, Gonzalez, Campos, Morales, and Garcia, currently scheduled for January 28, 2019. (Min. Order (ECF No. 692).)

IT IS FURTHER ORDERED that Halgat's motion for early release of Jencks material is GRANTED as set forth in this order. Such disclosures are due no later than January 17, 2019 for defendants Palafox, Lopez, Gillespie, Perez, Gonzalez, Campos, Morales, and Garcia, currently scheduled for January 28, 2019. (Min. Order (ECF No. 692).)

IT IS FURTHER ORDERED that the *Brady* and *Giglio* information, materials, and evidence for potential government witnesses, including favorable materials for special circumstance witnesses, are due no later than 30 days before the trial for the remaining defendants.

IT IS FURTHER ORDERED that the release of Jencks material is due no later than 10 days before the trial for the remaining defendants.

DATED: December 11, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE