**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RUSSELL NEDDENRIEP,<br><br>Defendant. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant Johnny Russell Neddenriep's motion to dismiss count seven or nine under 18 U.S.C. § 924(c) (ECF No. 800), filed on August 9, 2018, the government's response (ECF No. 1171) filed September 27, 2018, and Neddenriep's reply (ECF No. 1334), filed October 22, 2018.

Defendants Davisson, Dunlap, Garcia and Perez moved to join the motion (ECF Nos. 839, 878, 1053, 1109).

**I.    BACKGROUND**

Neddenriep is charged with Conspiracy to Participate in a Racketeering Enterprise in violation of 18 U.S.C. § 1962(d) (Count One), Kidnapping in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(1) (Count Six), Assault Resulting in Serious Bodily Injury in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3) (Count Eight), Taking a Motor Vehicle in violation of 18 U.S.C. § 2119(2) (Count Ten), and two counts of Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Seven and Count Nine). (Superseding Indictment (ECF No. 13).) One § 924(c) charge, Count Seven, stems from defendant using and carrying a firearm while committing a kidnapping in violation of 18 U.S.C. § 1959(a)(1). *Id.* at 39-40. The other § 924(c) charge, Count Nine, stems

from defendant using and carrying a firearm while committing an assault resulting in serious bodily injury in violation of 18 U.S.C. § 1959(a)(3). *Id.* at 40-41. The government represents that evidence presented at trial will show that M. H. was forcibly kidnapped at gun point from one location to another and severely beaten.

Neddenriep argues that one of the two § 924(c) allegations should be dismissed because the kidnapping and assault both occurred with the same parties at the same time and place, and it is inappropriate to charge two weapons enhancements for a single event. The government contends that prosecution for multiple counts of § 924(c) is not multiplicitous so long as each § 924(c) count is supported by a separate predicate offense. Thus, the government argues the court should deny the motion.

## II.     ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Double Jeopardy Clause protects criminal defendants against both successive punishments and prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). "An indictment is multiplicitous when it charges multiple counts for a single offense, thereby resulting in two penalties for one crime and raising double jeopardy concerns." *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013). The double jeopardy bar applies only where the defendant is punished or tried for two offenses that fail a "same-elements" test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). Where the "same act or transaction constitutes a violation of two distinct statutory provisions," the Supreme Court instructed courts to examine "whether each provision requires proof of a fact which the other does not" to determine if a defendant has been charged with multiplicitous counts. *Id.* at 304. "The *Blockburger* test focuses on the statutory elements of each offense, not on the actual evidence presented at trial." *United States v. Kimbrew*, 406 F.3d 1149, 1151–52 (9th Cir. 2005). If each statute "requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Wahchumwah*, 710 F.3d 862, 869 (9th Cir. 2013).

The Ninth Circuit has held that a defendant may be convicted and sentenced for multiple violations of § 924(c) so long as each § 924(c) count is supported by a separate predicate offense. *United States v. Beltran-Moreno*, 556 F.3d 913, 916–17 (9th Cir. 2009) (collecting cases). Thus, if each predicate offense would be independent under the *Blockburger* test, then each predicate offense may form the basis of a § 924(c) count. *United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir. 1993) ("[I]f the elements of the two predicate offenses are different, each may form the basis of a firearm count notwithstanding that both offenses stem from the same set of facts.").

Here, the court finds that Counts Seven and Nine are not multiplicitous. Each offense requires proof of a unique element that the other offenses do not. Although both counts are crimes brought under 18 U.S.C. § 1959(a) as violent crimes in aid of racketeering enterprise, the unique elements of kidnapping are that a person was seized, for ransom, reward or other benefit. *See e.g.*, 9th Cir. Model Crim. Jury Instruction 8.115. The unique elements of assault resulting in serious bodily injury are that defendant assaulted a victim by intentionally striking him, and as a result, the victim suffered serious bodily injury. *Id.*, at Instruction 8.9. The court's review of the elements reveals that the *Blockburger* test is satisfied because the predicate offenses are different.

Because the underlying predicate offenses are independent under the *Blockburger* test, each may properly form the basis of a separate § 924(c) offense. *See Beltran-Moreno*, 556 F.3d at 916. The counts alleging violations of §§ 1959(a)(1) and 1959(a)(3) are independent of one another, and therefore the § 924(c) counts are not multiplicitous. Neddenriep has therefore failed to demonstrate that the superseding indictment is multiplicitous. Accordingly, the court will recommend denial of Motion to Dismiss regarding multiplicity.

Defendants Garcia and Perez moved to join the motion, but they are not similarly situated because they are not charged in Count Seven or Count Nine and have not been charged with multiple violations of 18 U.S.C. § 924(c). Accordingly, their joinder motions will be denied because they are not similarly situated.

Defendants Davisson and Dunlap are charged with Counts Seven and Nine, and so their joinder is appropriate.

///

### III. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Neddenriep's motion to dismiss count seven or nine of the superseding indictment (ECF No. 800) be DENIED.

IT IS ORDERED that defendants Davisson and Dunlap's motions for joinder (ECF Nos. 1053, 1109) are GRANTED.

IT IS FURTHER ORDERED that defendants Garcia and Perez's motions for joinder (ECF Nos. 839, 878) are DENIED.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 12, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE