# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PASTOR PALAFOX, et al.,

    Defendants.

Case No. 2:16-cr-00265-GMN-CWH

**ORDER**

Presently before the court is the government's motion to compel reciprocal discovery from all defendants (ECF No. 1002), filed August 13, 2018, and defendant Ernesto Gonzalez's response (ECF No. 1131), filed August 31, 2018. The government did not file a reply.

Defendants Lopez, Garcia, Morales, Juarez, Lozano, Henderson, Neddenriep, Coleman, Perez, Halgat, Campos, and Voll moved to join Gonzalez's response. (ECF Nos. 1132, 1133, 1134, 1135, 1136, 1137, 1140, 1141, 1142, 1143, 1146, 1296).

The government moves to compel reciprocal discovery from all defendants under the provisions of Federal Rules of Criminal Procedure 16(b)(1)(A) and (B), and for a standing order that defendants provide prompt reciprocal discovery of evidence discovered prior to trial. It argues that defendants have requested disclosure of evidence under Rule 16(a)(1)(E), and it has previously requested defense discovery, but no discovery has been provided. The government argues that defendants must disclose evidence they intend to use at trial, to include cross-examination.

Gonzalez responds that some defense discovery has been provided to the government, e.g., Rudnick statements, but notes that his obligation to provide discovery turns on whether he intends to use the evidence in his case-in-chief at trial. Gonzalez argues that until he is made aware of the government's witnesses, he cannot decide whether to introduce an exhibit through a

government witness rather than his case in chief, and therefore it is premature to provide reciprocal discovery. Additionally, he argues that "case-in-chief" must mean something other than simply "during trial."

Rule 16(b)(1)(A) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items if:
>
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Rule 16(b)(1)(B) provides:

> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Fed. R. Crim. P. 16(b)(1)(A) and (B).

Rule 16(d)(2) provides that if a party fails to comply with the rule, the court may (A) order the party to permit the discovery or inspection; (B) grant a continuance; (C) prohibit the party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.

The parties dispute the meaning of the term "defendant's case-in-chief" in Rule 16(b)(1). Some courts define the term as "[t]he part of a trial in which a party presents evidence to support its claim or defense." Under this definition, evidence introduced by the defendant during cross-examination of government witnesses to support her defense should be considered part of defendant's "case-in-chief." However, if the defendant uses a document merely to impeach a government witness, and not as affirmative evidence in furtherance of her theory of the case, it is not part of her case-in-chief and need not be disclosed pursuant to Rule 16(b)(1)(A). *See, e.g., United States v. Hsia*, 2000 WL 195067 (D.D.C. 2000). Other courts hold that the term "case-in-

chief" refers temporally to evidence that a party presents between the time the party calls its first witness and the time the party rests. *See, e.g., United States v. Harry*, 2014 WL 6065705 at *10 (D.N.M. 2014). Under this definition, evidence produced during cross-examination of the government's witnesses would not be considered to have been presented during the defense's "case-in-chief."

This court is persuaded by the analysis set forth in *United States v. Larkin*, No. 2:12-CR-319-JCM-GWF, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015), indicating:

> Because a defendant may present her defense through examination of the government's witnesses, rather than calling them to testify after the government rests, the narrow, temporal interpretation of "case-in-chief" would result in a loophole in the reciprocal disclosure rule that is contrary to the purpose of the rule.

Accordingly, the term or phrase "defendant's case-in-chief at trial" as stated in Rule 16(b)(1) applies to evidence that a defendant intends to present during the examination of the government's witnesses to support his or her defense, as well as to evidence that the defendant intends to present at trial after the government rests its case. Rule 16(b)(1) does not, however, require a defendant to disclose evidence that defendant intends to use only for purposes of impeachment.

Defendants need to know who the government's witnesses are before they can decide whether to introduce evidence. But the government has not yet announced its witness list. Because defendants do not know who the government's witnesses will be, defendant Rule 16(b)(1)(A) and (B) disclosures are due promptly after the government discloses its trial witness list.

IT IS THEREFORE ORDERED that the government's motion to compel reciprocal discovery from all defendants (ECF No. 1002) is GRANTED. Promptly after the government has identified its witnesses for trial, each defendant is ordered to disclose to the government the items of evidence that he intends to use in his case-in-chief at trial, which includes items of evidence that he intends to use to support his defense during his examination of the government witnesses, as well as evidence the defendant intends to present after the government rests its case. However,

defendant is not required to disclose evidence that he intends to use only for impeachment purposes.

IT IS FURTHER ORDERED that motions to join Gonzalez's response by defendants Lopez, Garcia, Morales, Juarez, Lozano, Henderson, Neddenriep, Coleman, Perez, Halgat, Campos, and Voll (ECF Nos. 1132, 1133, 1134, 1135, 1136, 1137, 1140, 1141, 1142, 1143, 1146, 1296) are GRANTED.

DATED: December 12, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE