# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATHEW KEITH DUNLAP, et al.,<br><br>Defendants. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**ORDER** |

Presently before the court is defendant Mathew Keith Dunlap's motion to change venue for Counts Six, Seven, Eight, Nine and Ten of the superseding indictment pursuant to FRCP 18 (ECF No. 945), filed on August 13, 2018. The government filed a response (ECF No. 1178) on September 27, 2018. Dunlap did not file a reply.

Defendants Neddenriep and Davisson move to join the motion. (ECF Nos. 1030, 1111).

**I.    BACKGROUND**

On June 14, 2017, defendants Dunlap and Neddenriep, along with fifteen other Vagos members, were charged in count one with RICO conspiracy (18 U.S.C. § 1962(d)), which alleges the defendants agreed and conspired with other Vagos members to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, including acts involving murder, kidnapping, robbery, extortion, and narcotics trafficking. (*See* Superseding Indictment (ECF No. 13) at ¶ 7.)  In Counts Six through Ten, defendants Dunlap, Neddenriep, and Davisson are charged with violations of the Violent Crimes in Aid of Racketeering statute (VICAR, 18 U.S.C. § 1959(a)) for crimes covered within the RICO racketeering activity. Those counts relate specifically to a VICAR kidnapping and assault of M.H, with a corresponding firearm charge, and carjacking under 18 U.S.C. § 2119(2).

1 Dunlap now moves to change venue for trial from Las Vegas to Reno, Nevada, as to Counts Six through Ten. He contends that all of the charged activities occurred in Carson City on September 15, 2011, and all of the alleged co-defendants and witnesses live in northern Nevada. The government responds that transferring some, but not all of the charges serves neither judicial economy nor convenience as it would result in two trials.

## II.     ANALYSIS

Federal Rule of Criminal Procedure 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Rule 18 "vests discretion in the court to fix the place of trial at any place within the district with due regard to the convenience of the defendant and his witnesses." *United States v. Benzer*, 2:13-CR-00018-JCM, 2014 WL 7359078, at *6 (D. Nev. Dec. 24, 2014) (quoting Advisory Committee Notes, 1966 Amendments).

Here, Dunlap's motion to change venue for counts six through ten creates the requirement for two trials because he is also charged with count one. Moreover, as the government correctly argues, the RICO conspiracy in count one incorporates the substantive charges in counts six through ten as overt acts in furtherance of the RICO conspiracy. The trial on count one will therefore include proof of the allegations contained in counts six through ten, so no judicial economy will be served with two trials. If Dunlap's motion is granted, evidence would need to be presented twice at different locations regarding the same charges. No convenience to any party results from such a proposal. Accordingly, the motion is denied.

Defendants Neddenriep and Davisson move to join the motion to change venue. Because they are also charged with counts Six through Ten, their motions to join are granted.

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Mathew Dunlap's motion to change venue for Counts Six, Seven, Eight, Nine and Ten of the superseding indictment pursuant to FRCP 18 (ECF No. 945) is DENIED.

IT IS FURTHER ORDERED that defendants Neddenriep and Davisson's motions to join the motion (ECF Nos. 1030, 1111) are GRANTED.

DATED: December 12, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE