# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| JEREMY JOHN HALGAT, | |
| Defendant. | |

Before the court are Jeremy John Halgat's Motion to Compel (ECF No. 858), filed August 13, 2018, the government's response (ECF No. 1190), filed September 27, 2018, and Halgat's reply (ECF No. 1265), filed October 11, 2018.

Defendants Perez, Morales, Henderson, Garcia, Neddenriep, Coleman, Davisson, Voll, Gonzalez, Dunlap, and Campos moved to join the motion. (ECF Nos. 900, 909, 935, 953, 999, 1011, 1053, 1079, 1106, 1109, 1116). Henderson and Coleman also moved to join Halgat's reply. (ECF No. 1301, 1314).

On June 14, 2017, a federal grand jury seated in the District of Nevada, returned a superseding criminal indictment charging defendant Halgat with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, 1962(d), (Count One); Conspiracy to Possess with Intent to Deliver a Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), (Count Eleven); and Using and Carrying a Firearm During and In Relation to Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(I) (Count Twelve). (Superseding Indictment (ECF No. 13).)

Before the current indictment was returned, Halgat faced charges in two prior indictments. First, in *United States v. Halgat, et al.*, 2:13-cr-00239-JAD-PAL, Halgat was charged with conspiracy to possess with intent to deliver a controlled substance, from February 22, 2013 to

March 2, 2013, and use and carrying a firearm in furtherance of that crime. These allegations are the same allegations contained in counts eleven and twelve of the current indictment. *See* Superseding Indictment (ECF No. 13).

Second, in *United States v. Halgat, et al.*, 2:13-cr-00241-APG-VCF, Halgat was charged with four instances of distribution of cocaine on September 19, 2012, and October 11, 12, 26, 2012, as well as conspiracy to commit those offenses. These allegations are included in the list of overt acts in support of Count One, the RICO violation.[1] *Id.* at 28-29 (Overt Acts 59, 60, 62, 64, 65).

In both previous cases, Halgat moved to compel discovery, and the courts considered, and then denied the motions with well-reasoned written decisions. Halgat apparently now moves to breathe life into those motions, stating that in the interests of judicial economy he incorporates all arguments advanced in the previous motions, including but not limited to two listed motions to compel.[2] Surprisingly, Halgat does not mention the prior decisions denying the motions, or why their decisions are not, at least, persuasive authority. Nor does he provide new arguments that apply to the present case to support the motions which were denied. He argues that because the cases were dismissed when the current indictment was filed, he was unable to effectively preserve the record for appeal regarding the denial of his motions. But it is not clear which discovery decisions Halgat would appeal, or which remain relevant considering the discovery provided in the present case, which the court understands to be much broader. One previous motion decided by Magistrate Judge Leen was denied without objection, which suggests that counsel below did not deem it worthy of appeal. *See, e.g., United States v. Halgat, et al.*, 2:13-cr-00239-JAD-PAL, Order, (ECF No. 122), filed January 10, 2014. Some of the motions were denied because the requested evidence did not exist. Re-litigating such a motion would be futile. *See United States v. Halgat, et al.*, 2:13-cr-00241-APG-VCF, Order (ECF No. 226), filed August 30, 2015, in which Judge Gordon decided, after an ex parte review of discovery, that no relevant evidence

---

[1] Halgat is also accused of committing other overt acts as well, e.g., Overt acts 51, 61, 63, 67, which are not addressed by the present motion.

[2] Halgat added a third motion to compel in his reply.

existed. This court is reluctant to review evidence already reviewed by Judge Gordon unless Halgat provides a non-speculative basis to challenge that court's review. In summary, the court is unwilling to speculate as to which aspects of which motions Halgat desires this court to address. Nor is the court willing to construct legal arguments that apply to the facts and law of the present case. Accordingly, the motion to compel is denied. After a sincere meet and confer with the government regarding specific requests, Halgat may file a new motion to compel evidence which he believes in good faith is supported by the law and facts of this case.

Defendants Perez, Morales, Henderson, Garcia, Neddenriep, Coleman, Davisson, Voll, Gonzalez, Dunlap, and Campos moved to join the motion. Although the co-defendants seeking joinder claim they are "similarly situated," they fail to provide any further analysis, and so the court has little basis to evaluate the motions. *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant). Here, because it is not clear which of Halgat's motions to compel are before the court, and only Halgat is charged in counts eleven and twelve, and Halgat is only moving to compel evidence which is relevant to overt acts which name him, all motions for joinder are denied.

IT IS THEREFORE ORDERED that defendants Perez, Morales, Henderson, Garcia, Neddenriep, Coleman, Davisson, Voll, Gonzalez, Dunlap, and Campos's motions to join the motion (ECF Nos. 900, 909, 935, 953, 999, 1011, 1053, 1079, 1106, 1109, 1116, 1301, 1314) are DENIED.

IT IS FURTHER ORDERED that Jeremy John Halgat's Motion to Compel (ECF No. 858) is DENIED without prejudice. A new motion may be filed no later than January 11, 2019.

DATED: December 26, 2018

_____
C.W. HOFFMAN, JR
UNITED STATES MAGISTRATE JUDGE