1

2

3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

* * *

6

UNITED STATES OF AMERICA,

Case No. 2:16-cr-00265-GMN-CWH

7

Plaintiff,

**ORDER**

8

v.

9

ERNESTO MANUEL GONZALEZ, et al.,

10

Defendants.

11

12       Presently before the court is defendant Ernesto Manuel Gonzalez's motion to strike

13   surplusage from the superseding indictment under Federal Rule of Criminal Procedure 7(d) (ECF

14   No. 843), filed August 11, 2018, the government's response (ECF No. 1173), filed September 27,

15   2018, and Gonzalez's reply (ECF No. 1260), filed October 10, 2018.

16       Defendants Neddenriep, Perez, Lopez, Halgat, Juarez, Morales, Henderson, Garcia,

17   Gillespie, Palafox, Coleman, Ramirez, Davisson, and Voll moved to join Gonzalez's motion.

18   (ECF Nos. 853, 866, 873, 875, 892, 907, 927, 949, 967, 981, 1007, 1042, 1053, 1079.)  Halgat,

19   Coleman, Juarez, Voll, Henderson, and Garcia moved to join Gonzalez's reply. (ECF No. 1268,

20   1270, 1278, 1296, 1298, 1304.)

21       Also before the court is defendant James Patrick Gillespie's motion to strike (ECF No.

22   690), filed July 25, 2018, the government's response (ECF No. 773), filed August 7, 2018, and

23   Gillespie's reply (ECF No. 1100), filed August 14, 2018.

24       Defendants Garcia, Gonzalez, Neddenriep, Perez, Halgat, Juarez, Palafox, and Voll move

25   to join Gillespie's motion. (ECF Nos. 829, 846 854, 859, 875, 885, 974, 1079.)  Halgat moved to

26   join Gillespie's reply.  (ECF No. 1268.)

27   / / /

28   / / /

## I.      BACKGROUND

In June 2017, the government indicted Gonzalez, along with 22 other alleged members of the Vagos Outlaw Motorcycle Gang, for conspiring to participate in a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act (RICO). (Superseding Indictment (ECF No. 13).) The charged enterprise is Vagos, and the superseding indictment alleges Gonzalez held the rank of "Sergeant-at-Arms" of Vagos, responsible for, among other things, carrying out the orders of senior gang leaders, coordinating criminal activity with other Vagos chapter leaders, supervising the criminal activities of the members and associates of Vagos, and issuing orders to kill rival gang members and subordinate gang members. *Id.* at 12-13. The superseding indictment charges Gonzalez and his alleged co-conspirators with, among other things, conspiring to conduct and participate, directly and indirectly, in the conduct of the affairs of the Vagos enterprise through a pattern of racketeering activity consisting of multiple acts of murder, kidnapping, robbery, extortion, witness tampering, witness retaliation, and transportation and sale of stolen vehicles, as well as offenses involving narcotics trafficking. *See id.* at 16. As part of the superseding indictment, the government identified 103 overt acts representative of the criminal conduct that Gonzalez and his alleged co-conspirators performed or caused to be performed in furtherance of the overall objective of the RICO conspiracy. *See id.* at 17-34. Gonzalez is also charged with Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1) (Count Two) and the related firearm offense under 18 U.S.C. § 924(j)(1) (Count Three). *Id.* at 36-37.

Gonzalez moves to strike the words "contributing to a legal defense fund for members . . . and to pay the legal defense fees for charged members through unlawful gambling activities, such as raffles." *Id.* at ¶ 2(m), p. 9:11-14. Second, Gonzalez moves to strike the words "Providing financial support to gang members who were charged with or incarcerated for gang-related activities." *Id.* at ¶ 5(e), p. 14:01-02. Third, Gonzalez moves to strike overt act 54, which states:

> On or about August 4, 2012, JAMES PATRICK GILLESPIE, a/k/a 'Jimbo,' presided over a Vagos 'Chapter Presidents and Regional Representatives' meeting in Ogden, Utah, and ordered every member to pay a $100.00 tax to be used to pay the lawyers of the Vagos member charged in connection with the 2011 Nugget Casino homicide.

*Id.* at ¶ 54, p. 26:4-7. Gonzalez's argues that his motion is supported by Federal Rule of Criminal Procedure 7(d), Federal Rules of Evidence 401-403, and the Sixth Amendment.

Similarly, Gillespie moves to strike overt act 54 as a comment which violates his constitutional right to counsel. Gillespie argues that reference to his attempt to hire counsel results in the implication that exercise of the fundamental Sixth Amendment right to counsel amounts to criminal behavior. Gonzalez argues that the superseding indictment provisions which he moves to strike implicate his Sixth Amendment right to counsel by making it appear that he was required to hire counsel because he, or other members of the Vagos, were guilty of the murder charges. Defendants argue that the mere fact that an attorney was hired is not probative of guilt or innocence, and the allegation penalizes them for exercising their right to counsel and is an improper governmental comment on defendants' right to counsel.

The government responds that the defendants lack standing to object to this portion of the superseding indictment, and that proof of the allegations at issue is relevant for the government to prove the existence and pattern of a criminal enterprise.

## II.    ANALYSIS

### A. Standing

The Sixth Amendment right to counsel is a personal right. *United States v. Partin*, 601 F.2d 1000, 1006 (9th Cir. 1979) (abrogated on other grounds by *U.S. v. Rewald*, 889 F.2d 836 (9th Cir. 1989)). As such, the individual criminal defendant holds that right. *See Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993). Generally, an individual may only assert his "own legal rights and interests, and cannot rest his or her claim to relief on the legal rights or interests of third parties." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

The government argues that overt act 54 alleges that defendant Gillespie ordered a $100 individual tax on members of the Vagos Motorcycle Gang to financially support lawyers representing a fellow co-conspirator charged with murder, Gonzalez, and it is therefore this co-conspirator only who holds the individual right to assert a Sixth Amendment right to counsel, not Gillespie. Gillespie replies he has standing to challenge the allegation because he also is charged with the murder.

1     The court will not construe the allegations in overt act 54 so narrowly as to find that the

2     intended legal defense fund would not be available for anyone who was charged with the murder.

3     The court therefore finds that Gillespie, as well as the other defendants charged with murder,

4     Palafox, Lopez, Perez, Gonzalez, Campos, Morales, and Garcia, have standing to pursue this

5     motion. As to remaining the defendants who moved to join either Gillespie or Gonzalez's

6     motions but are not charged with murder, the court also will grant their motions. Given that the

7     allegations on pages nine and 14 of the superseding indictment that Gonzalez seeks to strike relate

8     to general legal defense fundraising activities for the Vagos enterprise as a whole, those

9     allegations arguably implicate the right to counsel of the defendants who filed joinders, who are

10    all charged with the RICO conspiracy.

11         **B. Relevance and prejudice**

12         Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[u]pon the

13    defendant's motion, the court may strike surplusage from the indictment or information." Fed. R.

14    Crim. P. 7(d). "The purpose of a motion to strike under [Rule 7(d)] is to protect a defendant

15    against prejudicial or inflammatory allegations that are neither relevant nor material to the

16    charges." *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010). Where the allegations

17    are relevant, however, they are not surplusage, even if otherwise prejudicial. *See id.; see also*

18    *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (stating that "a motion to strike

19    surplusage from the indictment should be granted only if it is clear that the allegations are not

20    relevant to the charge and are inflammatory and prejudicial."). It is within the court's discretion

21    whether to strike surplusage from an indictment. *Laurienti*, 611 F.3d at 546-47.

22         Defendants do not argue the allegations are not relevant. To prove a RICO conspiracy,

23    the government must demonstrate the existence of an enterprise and a pattern of racketeering. 18

24    U.S.C. § 1962(d). The challenged provisions allege facts which, if proven at trial, will establish

25    the purpose, means, and methods of the Vagos enterprise. Allegations of "Contributing to a legal

26    defense fund for members . . . and to pay the legal defense fees for charged members through

27    unlawful gambling activities, such as raffles," and "Providing financial support to gang members

28    who were charged with or incarcerated for gang-related activities" are therefore clearly relevant.

Nor are they any more prejudicial or inflammatory then the general allegations which allege the organization and function of the enterprise. An indictment is inculpatory by nature and a defendant must demonstrate how an individual statement is improperly inflammatory or prejudicial. *See United States v. Whittemore*, 2013 WL 1181915, at \*1, \*5 (D. Nev. Mar. 19, 2013). While the allegations "may be somewhat prejudicial," they should not be stricken if they are relevant and material to the charged offenses. *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988). Further, "if language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant." *United States v. Gerlay*, 2009 WL 3872143 at \*1 (D. Alaska Nov. 17, 2009).

The allegation that "On or about August 4, 2012, JAMES PATRICK GILLESPIE, a/k/a 'Jimbo,' presided over a Vagos 'Chapter Presidents and Regional Representatives' meeting in Ogden, Utah, and ordered every member to pay a $100.00 tax to be used to pay the lawyers of the Vagos member charged in connection with the 2011 Nugget Casino homicide" is also relevant because it would allow the government to prove that Gillespie was a member and leader of the enterprise, adhered to its basic principles, and committed acts in furtherance of the enterprise's racketeering activities. For most defendants, this allegation is simply an example of a situation that proves means and methods of the enterprise, is legally relevant, and as discussed above, is not unduly prejudicial. The court in its discretion therefore finds that the allegations in the superseding indictment are relevant and material and are not inflammatory or prejudicial beyond their intrinsically inculpatory nature, and they should not be stricken under Rule 7(d).

But as Gillespie and Gonzalez argue, this allegation also addresses efforts to raise funds to pay for defense counsel for the particular alleged murder which is at the heart of this case. Defendants Palafox, Lopez, Perez, Gillespie, Gonzalez, Campos, Morales, and Garcia are all charged with murder. For those defendants, the allegation encourages the jury to infer that Vagos leadership admits that legal services were necessary for Vagos members because the murder had been ordered, as alleged in the superseding indictment. Such an inference would clearly be inappropriate because "in no situation in a criminal trial . . . the mere act of hiring an attorney is

1  probative in the least of the guilt or innocence of the defendants." *Bruno v. Rushen*, 721 F.2d

2  1193, 1194 (9th Cir. 1983). Additionally, the inference would arguably penalize defendants'

3  efforts to raise funds for a defense counsel of their choice. *See Powell v. Alabama*, 287 U.S. 45,

4  53 (1932) (a defendant should be afforded a fair opportunity to secure counsel of his own choice).

5  On the other hand, the superseding indictment provides clarity and context for the government's

6  position, lays out the overt acts that are alleged to have been taken in furtherance of the

7  racketeering conspiracy, and the government has made no comment regarding defendants' effort

8  to hire counsel.

9  Although mindful of these significant constitutional concerns, the court declines to strike

10  any of the contested language under Rule 7(d). To be clear, evidence of a legal defense fund is

11  clearly probative of an enterprise, and it is logically probative of guilt or innocence. Particularly

12  as to the defendants facing the murder charge, it is unknown what will happen at trial, what

13  evidence will be presented, and whether the jury will see the superseding indictment.[1]

14  Accordingly, the court will not assume that prejudice exists or will inevitably develop, or whether

15  the jury will make, or will be allowed to make, the prohibited inference described, or whether any

16  danger of prejudice could be cured through an appropriate limiting instruction to the jury. Even if

17  the court were to grant the motion to strike surplusage, because the superseding indictment is not

18  in any sense evidence of the allegations it contains and the government may seek to present

19  evidence related to the legal defense fund at trial, the parties may confront this evidentiary issue

20  later in this case. Evidentiary rulings regarding the applicability of the Federal Rules of Evidence

21  402 and 403 are within the province of the trial judge. Thus, the court does not express an

22  opinion on the admissibility of this evidence at this time.

23  / / /

24  / / /

25

26      [1] An "indictment is not evidence against the accused and affords no inference of guilt or innocence." *United States v. Ramirez*, 710 F.2d 535, 545 (9th Cir. 1983); *see also* Manual of Model Jury

27  Instructions for the District Courts of the Ninth Circuit, Instruction 1.2 (The Charge—Presumption of Innocence) ("The indictment simply describes the charges[s] the government brings against the defendant.

28  The indictment is not evidence and does not prove anything.").

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that defendant Ernesto Manuel Gonzalez's motion to strike surplusage from the superseding indictment under Federal Rule of Criminal Procedure 7(d) (ECF No. 843) is DENIED.

IT IS FURTHER ORDERED that defendants Neddenriep, Perez, Lopez, Halgat, Juarez, Morales, Henderson, Garcia, Gillespie, Palafox, Coleman, Ramirez, Davisson, and Voll's motions for joinder to Gonzalez's motion (ECF Nos. 853, 866, 873, 875, 892, 907, 927, 949, 967, 981, 1007, 1042, 1053, 1079) are GRANTED.

IT IS FURTHER ORDERED that defendants Halgat, Coleman, Juarez, Voll, Henderson, and Garcia's motions for joinder (ECF No. 1268, 1270, 1278, 1296, 1298, 1304) to Gonzalez's reply are GRANTED.

IT IS FURTHER ORDERED that defendant James Patrick Gillespie's motion to strike (ECF No. 690) is DENIED.

IT IS FURTHER ORDERED that defendants Garcia, Gonzalez, Neddenriep, Perez, Halgat, Juarez, Palafox, and Voll's motions to join Gillespie's motion (ECF Nos. 829, 846 854, 859, 875, 885, 974, 1079), as well as defendant Halgat's motion to join Gillespie's reply (ECF No. 1268) are GRANTED.

DATED: December 28, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE