**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ERNESTO MANUEL GONZALEZ, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00265-GMN-CWH-6 <br><br> **ORDER** |

Pending before the Court is Defendant Ernesto Manuel Gonzalez's ("Gonzalez") Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b),[1] (ECF No. 699). The Government filed a Response, (ECF No. 1167), and Gonzalez filed a Reply,[2] (ECF No. 1208). For the reasons discussed below, Gonzalez's Motion is **GRANTED**.

## I. BACKGROUND

On June 14, 2017, a Superseding Criminal Indictment was filed charging Gonzalez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d) (Count One); Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm During and in Relation to a Crime of Violence, Causing Death, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding

---

[1] Defendants Palafox, Lopez, Perez, Lozano, Ramirez, Henderson, Coleman, Campos, Morales, Garcia, Chelby, Neddenriep, Dunlap, Juarez, Davisson, Gillespie, Voll, and Siemer move to join Gonzalez's Motion. (ECF Nos. 709, 747, 788, 754, 1035, 730, 718, 722, 705, 832, 951, 778, 764, 780, 808, 743, 785, 1079, 735). For good cause appearing, the Motions for Joinder to Gonzalez's Motion are **GRANTED**.
[2] Defendants Coleman, Campos, Garcia, and Juarez move to join Gonzalez's Reply. (ECF Nos. 1225, 1248, 1289, 1219). For good cause appearing, the Motions for Joinder to Gonzalez's Reply are **GRANTED**.

Indictment, ECF No. 13).  The charges arise from allegations that Gonzalez and his co-defendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity. (*Id.*).  Gonzalez now brings the instant pretrial motion.

## II. LEGAL STANDARD

Under Federal Rule of Evidence ("Rule") 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  But the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Rule 404(b) adds that, "[o]n request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.*  "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999).  What constitutes reasonable notice "will depend largely on the circumstances of each case." Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment.

## III. DISCUSSION

In his Motion, Gonzalez requests that the Government provide notice of evidence falling under Rule 404(b), no later than 30 days before the start of trial. (Mot. 1:21–27, ECF No. 699). Gonzalez emphasizes the complexity of this case and contends that 30 days' notice "should permit sufficient notice for defense counsel to file motions-in-limine regarding the use of other act evidence." (*Id.* 3:2–3, :18–20).

In its Response, the Government provides a lengthy discussion on the "inextricably

intertwined" doctrine and its application in RICO and VICAR cases. (*See* Resp. 1–11:7, ECF No. 1167). The Government concludes that "[i]n the unlikely event that the government determines that it will present evidence that falls outside the broad scope of RICO and VICAR, the government will provide notice of its intent to use the evidence 30 days before trial." [3] (*Id.* 11:8–10).

The Court has reviewed Gonzalez's request and finds that due to the complex nature of this case and the timeframe for filing motions in limine, 30 days' notice of the Government's intent to introduce evidence under Rule 404(b) is reasonable. Accordingly, Gonzalez's Motion is **GRANTED**.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Gonzalez's Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b), (ECF No. 699), is **GRANTED**. Evidence falling under the scope of Rule 404(b) shall be noticed to Gonzalez no later than 30 days before the start of trial.

**IT IS FURTHER ORDERED** that Defendant Palafox, Lopez, Perez, Lozano, Ramirez, Henderson, Coleman, Campos, Morales, Garcia, Chelby, Neddenriep, Dunlap, Juarez, Davisson, Gillespie, Voll, and Siemer's Motions for Joinder, (ECF Nos. 709, 747, 788, 754, 1035, 730, 718, 722, 705, 832, 951, 778, 764, 780, 808, 743, 785, 1079, 735, 1225, 1248, 1289, 1219), are **GRANTED**. Evidence falling under the scope of Rule 404(b) shall be noticed to the above defendants no later than 30 days before the start of their respective trials.

**DATED** this 20 day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] The Court expresses no opinion herein relating to the "inextricably intertwined" doctrine.