**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JEREMY JOHN HALGAT, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00265-GMN-CWH-11 <br><br> **ORDER** |

Pending before the Court is Defendant Jeremy John Halgat's ("Halgat") Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers, (ECF Nos. 864, 868). This Motion was referred to the Honorable United States Magistrate Judge Carl W. Hoffman for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

On December 26, 2018, Judge Hoffman entered a Report and Recommendation ("Report"), (ECF No. 1416), recommending that Halgat's Motion to Dismiss be denied. Halgat filed an Objection, (ECF No. 1457), and Supplement, (ECF No. 1458). The Government filed a Response, (ECF No. 1514).

**I.    BACKGROUND**

On June 14, 2017, a federal grand jury seated in the District of Nevada, returned a superseding criminal indictment charging Halgat with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d), (Count One); Conspiracy to Possess with Intent to Deliver a Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), (Count Eleven); and Using and Carrying a Firearm During and In Relation to Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(I) (Count Twelve). (Superseding Indictment, ECF No. 13).

Before the current Superseding Indictment was returned, Halgat had faced charges in two prior indictments. First, in *United States v. Halgat, et al.*, 2:13-cr-00239-JAD-PAL, Halgat was charged with conspiracy to possess with intent to deliver a controlled substance, from February 22, 2013 to March 2, 2013, and using and carrying a firearm in furtherance of that crime. These allegations are the same allegations contained in Counts Eleven and Twelve of the current Superseding Indictment. (*See* Superseding Indictment 41:20–44:3).

Second, in *United States v. Halgat, et al.*, 2:13-cr-00241-APG-VCF, Halgat was charged with four instances of distribution of cocaine on September 19, 2012, and October 11, 12, and 26, 2012, as well as conspiracy to commit those offenses. These allegations are included in the list of overt acts in support of Count One, the RICO violation, of the current Superseding Indictment. (*Id.* 28:4–29:6) (overt acts 59, 60, 62, 64, and 65).[1]

In both previous cases, Halgat moved to dismiss on precisely the same bases as the current motion, that is, outrageous government conduct and the court's supervisory powers. In November 2014, the assigned district judges, Judge Andrew P. Gordon and Judge Jennifer A. Dorsey, jointly conducted a three-day evidentiary hearing to address the motion, and independently issued rulings which denied the motions. *See* Order, *United States v. Halgat, et al.*, No. 2:13-cr-00241-APG-VCF (D. Nev. Jan. 2, 2015), ECF No. 179 (Judge Gordon's order); Order, *United States v. Halgat, et al.*, No. 2:13-cr-00239-JAD-PAL (D. Nev. Jan. 2, 2015), ECF No. 290 (Judge Dorsey's order); (*see also* Exs. A, B to R. & R., ECF No. 1416).

While Halgat was awaiting trial, both previous cases were voluntarily dismissed without prejudice by the Government after the current Superseding Indictment was returned. Halgat then proceeded to file the Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers, (ECF No. 864), in the instant case.

---

[1] Count One of the current Superseding Indictment also attributes overt acts 47, 51, 61, 63, and 67 to Halgat. (*See* Superseding Indictment 24:19–28:14). These overt acts were not set forth as allegations in the indictments in the previous cases.

On December 26, 2018, Judge Hoffman entered a Report, recommending that Halgat's Motion to Dismiss be denied. (R. & R. 6:19–20, ECF No. 1416). More specifically, Judge Hoffman found that Halgat failed to provide any legal analysis to support the dismissal of Count One. (*Id.* 3:7–14). Further, Judge Hoffman found that, contrary to the Government's assertions, issue preclusion does not apply in this matter because Judge Gordon and Judge Dorsey's orders were not final, appealable judgments. (*Id.* 3:15–4:14). Lastly, Judge Hoffman explained that his review and consideration of the arguments and evidence in the previous cases led him to agree with the findings of Judge Gordon and Judge Dorsey. (*Id.* 5:21–6:4). He therefore incorporated them as his own recommendation. (*Id.*). Subsequently, Halgat filed the instant Objection.

## II. LEGAL STANDARD

### A. Objections to a Magistrate Judge's Findings and Recommendations

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Recommendation to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

### B. Motion to Dismiss

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

## III. DISCUSSION

In his Objection, Halgat argues that Judge Hoffman erred in finding that the Motion to Dismiss should be denied as to Count One because Halgat failed to provide points and authorities addressing Count One. (Obj. 15:3–16:2, ECF No. 1457). Halgat further argues that Judge Hoffman erred in agreeing with, and therefore adopting, the findings of Judge Gordon and Judge Dorsey. (*Id.* 16:3–17:28).

In response, the Government summarily states that Judge Hoffman properly denied Halgat's Motion; cites several documents filed in Halgat's prior cases and "reasserts the substantive arguments it made previously by reference"; and "reasserts that Halgat's motion should be denied under the doctrine of issue preclusion." (*See* Resp. 1:22–2:5, ECF No. 1514). Lastly, the Government contends that the Court is precluded from considering Halgat's Motion and Objection to the Report, citing the "law of the case" doctrine. (*Id.* 5:19–24). The Court now addresses the issues raised by the parties, beginning with those raised by the Government.

### A. Issue Preclusion

The Government "reasserts that Halgat's motion should be denied under the doctrine of issue preclusion." (Resp. 2:8–10). Issue preclusion "means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). "[A] dismissal without prejudice is generally not considered an adjudication on the merits of a controversy and thus is not entitled to preclusive effect." *In re Duncan*, 713 F.2d 538, 544 (9th Cir. 1983) (citation omitted).

As Judge Hoffman explained in the Report, "[h]ere, the [G]overnment dismissed without prejudice the previous two cases against Halgat because it had indicted Halgat in the present case." (R. & R. 4:4–5). The issue of outrageous government conduct was not a factor in the

ultimate dismissal without prejudice of the prior cases.  Further, neither Judge Gordon's order nor Judge Dorsey's order constitute final, appealable judgments. *See United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) ("Generally, denials of pre-trial motions are not considered final, appealable judgments . . . ."). Accordingly, the Court agrees with Judge Hoffman, and finds that "the lack of a final judgment in the previous two cases that depended on Judge Gordon and Judge Dorsey's orders regarding outrageous government conduct forecloses the application of the issue preclusion doctrine." (R. & R. 4:12–14).

### B. Law of the Case Doctrine

In its Response, the Government contends that the Court is precluded from considering Halgat's Motion to Dismiss and Objection to the Report based on the "law of the case" doctrine.  Under this doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).  While the Court acknowledges that the allegations made against Halgat in the previous cases are now alleged in the instant case, this nevertheless is not "the identical case."  As noted above, both previous cases were voluntarily dismissed by the Government, and are now closed.  Accordingly, the law of the case doctrine does not apply, and the Court is not precluded from considering Halgat's Motion to Dismiss and Objection to the Report.

### C. Count One

"The failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion." D. Nev. LCR 47-3.  Here, Halgat argues that contrary to Judge Hoffman's finding, Halgat's Motion to Dismiss did not fail to provide points and authorities as to the RICO conspiracy charged in Count One. (Obj. 15:3–16:2).  The Court is not persuaded.

A review of the Motion reveals that Halgat simply listed the overt acts alleged against him in Count One, and noted that "2:13-cr-00241-APG-VCF has the same allegations contained in the over acts underlying Count 1 in this case." (Mot. to Dismiss 3:5–25, ECF No. 864). Regarding the arguments that Halgat incorporated by reference, those arguments do not provide legal analysis pertaining to the RICO conspiracy charged in Count One. This is not surprising considering the indictments in Halgat's previous cases did not contain a racketeering allegation. The Court does note that Halgat's Reply in support of the Motion to Dismiss briefly argues that "[t]wo or more acts are required to show a pattern of racketeering activity. Here thus, dismissing the alleged overt acts for all reasons stated in [the Motion to Dismiss] requires dismissal of Count One." (Reply 3:7–20) (internal citations omitted). Nevertheless, this is not sufficient legal analysis to constitute points and authorities. As such, the Court agrees with Judge Hoffman's finding that, "Halgat provides no legal analysis supporting dismissal of Count One even if the overt acts with which he is accused were dismissed."[2] Accordingly, Halgat's Objection as to Count One is without merit and is therefore overruled.

**D. Objection to Judge Hoffman's Review on the Merits**

Lastly, Halgat objects to Judge Hoffman's finding that none of the charges should be dismissed based upon outrageous government conduct, or pursuant to the court's supervisory authority. (Obj. 16:3–17:28). To support this objection, Halgat incorporates the Report and Recommendation of the Honorable Magistrate Judge Cam Ferenbach, which was entered in

---

[2] Even if the Court were to consider the argument made in Halgat's Reply, Halgat's Motion would still fail. It is true, as Halgat indicates, that two or more predicate acts are required to show a pattern of racketeering activity. *United States v. Camez*, 839 F.3d 871, 873 (2016). However, it is also true that the RICO conspiracy statute does not require an overt act. 18 U.S.C. § 1962(d); *Salinas v. United States*, 522 U.S. 52, 63 (1997); *see also United States v. Polanco-Moreno*, 50 F.3d 18 (9th Cir. 1995) ("[T]here is no requirement that overt acts be specifically alleged in the indictment.") (unpublished). Thus, Halgat fails to explain how "dismissing the alleged overt acts . . . requires dismissal of Count One." (Reply 3:7–20).

2:13-cv-00241-APG-VCF. (*Id.* 16:24–17:16) (citing R. & R., *United States v. Halgat, et al.*, No. 2:13-cr-00241-APG-VCF (D. Nev. July 15, 2014), ECF No. 108).

Like Judge Hoffman, this Court too has reviewed the materials which the parties incorporate by reference, the transcripts from the three-day evidentiary hearing, the exhibits presented at the evidentiary hearing, and Judge Gordon and Judge Dorsey's respective orders. While both Judge Gordon and Judge Dorsey found that the Government did not engage in outrageous conduct, Judge Gordon's order is of particular importance here, as it explicitly rejects Judge Ferenbach's Report and Recommendation, noting that Judge Ferenbach did not have "the benefit on an evidentiary hearing, and that affected [Judge Ferenbach's] decision." Order at 6–7, *United States v. Halgat, et al.*, No. 2:13-cr-00241-APG-VCF (D. Nev. Jan. 2, 2015), ECF No. 179. Further, Judge Gordon explains—and this Court agrees—that Judge Ferenbach's Report and Recommendation "is based on unsupported allegations of falsification and Halgat's faulty transcripts of recordings." *Id.* at 7. Moreover, as Judge Gordon emphasizes, at the evidentiary hearing, "[Task Force Officer] Brancato provided credible explanations for the perceived contradictions that Magistrate Judge Ferenbach found 'distressing.'" *Id.* For these reasons, and others discussed in Judge Gordon's order, the Court rejects the analysis and findings set forth in Judge Ferenbach's Report and Recommendation, and thereby rejects Halgat's arguments.

Upon review of all the relevant materials, the Court agrees with Judge Hoffman's findings, and in turn, agrees with Judge Gordon and Judge Dorsey's findings as articulated in their respective orders. Accordingly, Judge Hoffman's Report, (ECF No. 1416), is **ACCEPTED and ADOPTED in full**, and Halgat's Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers, (ECF No. 864), is **DENIED**.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 1416), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Halgat's Motion to Dismiss for Outrageous Government Conduct and/or Pursuant to the Court's Supervisory Powers, (ECF No. 864), is **DENIED**.

**DATED** this __13__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court