**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-00265-GMN-CWH-6 |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| ERNESTO MANUEL GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Exclude *Bruton* & *Lilly* Statements Under the Fifth and Sixth Amendments or to Sever, (ECF No. 803), filed by Defendant Ernesto Manuel Gonzalez ("Gonzalez"). The Government filed a Response, (ECF No. 1172), and Gonzalez filed a Reply, (ECF No. 1234).

Also pending before the Court are the Motions for Joinder to Gonzalez's Motion, (ECF Nos. 841, 849, 863, 871, 875, 889, 896, 903, 919, 967, 972, 978, 1004, 1040, 1053), filed by Defendants Garcia, Neddenriep, Perez, Halgat, Juarez, Lopez, Morales, Henderson, Gillespie, Chelby, Palafox, Coleman, Ramirez, and Davisson. Defendants Coleman, Henderson, Halgat, Juarez, and Voll filed Motions for Joinder to Gonzalez's Reply, (ECF Nos. 1236, 1256, 1268, 1274, 1296). The Government does not oppose the joinders to the Motion.

## I. BACKGROUND

The parties are familiar with the facts of this case and the Court will repeat them here only as necessary. Gonzalez moves to exclude any statements which violate *Bruton* or *Lilly* from the joint trial. (Mot. to Exclude ("Mot.") 2:1–2, ECF No. 803). Alternatively, "[i]f the government intends to offer alleged statements from a co-defendant or co-defendants which may be admissible against that co-defendant under Federal Rule of Evidence 801(d)(2)(A), but

are inadmissible against Gonzalez under *Bruton* and/or *Lilly*, then Gonzalez moves to sever his trial from the trial of that co-defendant or co-defendants." (*Id.* 2:3–6).

The Government responds that it "agrees the Court should follow the rule of law covering [*Bruton*] and *Lilly* statements during trial." (Resp. 2:6–7, ECF No. 1172). However, the Government argues that Gonzalez failed to identify any specific statement that would violate *Bruton* or *Lilly*. (*Id.* 2:10–14). Thus, the Government contends that Gonzalez failed to file points and authorities, and thereby consented to the denial of his Motion. (*Id.*) (citing D. Nev. LCR 47-3).

Gonzalez replies that his Motion does not identify *Bruton* and *Lilly* statements for two reasons. (Reply 1:23–25, ECF No. 1234). The first reason is that *Bruton* and *Lilly* "only come into play if it's the government's intention to offer such statements. The government . . . chooses not to show its hand by answering whether or not it intends to offer such statements during trial." (*Id.* 1:25–2:5) (citation omitted). "Second, and more fundamentally, *Bruton*, and especially *Lilly*, issues arise most often from Jencks material, which the government opposes any 'early' production." (*Id.* 2:6–28).

## II.  **LEGAL STANDARD**

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

## III. **DISCUSSION**

In *Bruton v. United States*, 391 U.S. 123 (1968), the U.S. Supreme Court held that admission of a codefendant's confession that implicates a defendant at a joint trial constitutes

prejudicial error even if the trial court gives clear instruction that confession could only be used against the codefendant and must be disregarded with respect to the defendant. *Bruton*, 391 U.S. at 126. However, "[t]he Confrontation Clause is not violated by the admission of a non-testifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to [his or] her existence." *Richardson v. Marsh*, 481 U.S. 200, 200 (1987). On the other hand, "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration . . . leave statements that, considered as a class, so closely resemble Bruton's unredacted statements . . . the law must require the same result." *Gray v. Maryland*, 523 U.S. 185, 192 (1998). Further, accomplice confessions implicating a defendant on trial are presumptively unreliable. *Lilly v. Virginia*, 527 U.S. 114, 131 (1999).

Here, Gonzalez seeks to exclude "any and all alleged statements from a co-defendant or co-defendants that violate the rule in [*Bruton*] and its progeny and/or [*Lilly*]." (Mot. 1:20–22, ECF No. 803). However, Gonzalez fails to identify any particular statement which he seeks to exclude. The Court cannot ascertain the scope of Gonzalez's requested relief. As such, Gonzalez's Motion to Exclude is denied.[1]

To the extent that Gonzalez seeks severance as an alternative form of relief, Gonzalez's Motion is likewise denied. Gonzalez argues that "[u]nless testimony that a co-defendant implicated himself and also implicated other co-defendants including Gonzalez is excluded from trial, then severance is the proper remedy." (Mot. 5:13–16). However, Gonzalez fails to identify any such statement. Accordingly, Gonzalez has not shown clear, manifest, or undue

---

[1] Gonzalez contends that his Motion does not identify any statement because the Government opposes early production of Jencks material. The issue of Jencks disclosures has already been addressed, and the Court need not address it again at this time. (Order, ECF No. 1391) (denying Motion for Early Disclosure of Jencks Material, (ECF No. 861)).

prejudice from the joint trial, and his request for alternative relief is denied. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (stating that the party seeking severance "has the burden of proving 'clear,' 'manifest,' or 'undue' prejudice from the joint trial.").

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motions for Joinder to Gonzalez's Motion, (ECF Nos. 841, 849, 863, 871, 875, 889, 896, 903, 919, 967, 972, 978, 1004, 1040, 1053), are **GRANTED**.

**IT IS FURTHER ORDERED** that Motions for Joinder to Gonzalez's Reply, (ECF Nos. 1236, 1256, 1268, 1274, 1296), are **GRANTED**.

**IT IS FURTHER ORDERED** that Gonzalez's Motion to Exclude *Bruton* & *Lilly* Statements Under the Fifth and Sixth Amendments or to Sever, (ECF No. 803), is **DENIED**.

**DATED** this __18__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court