**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JOHNNY RUSSELL NEDDENRIEP, et al.,<br><br>        Defendants. | Case No. 2:16-cr-00265-GMN-NJK<br><br>ORDER AND<br>REPORT AND RECOMMENDATION<br><br>(Docket Nos. 1807, 1816, 1820) |

     This matter was referred to the undersigned Magistrate Judge on Defendant Johnny Russell Neddenriep's motion to dismiss counts 6-10 of the superseding indictment. Docket No. 1807. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 1807, 1900, 1936. Two of Defendant's co-defendants, Bert Wayne Davisson and Matthew Keith Dunlap, have filed motions for joinder to Defendant's motion. Docket Nos. 1816, 1820.

**I.    BACKGROUND**

     On September 6, 2016, a federal grand jury sitting in Las Vegas, Nevada issued, under seal, an indictment charging Defendant and, *inter alia*, co-defendants Davisson and Dunlap, with one count of kidnapping, in violation of Title 18, United States Code, Sections 1951(a)(1) and 2; two counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2; one count of assault, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2; and one count of taking of motor vehicle, in violation of Title 18, United States Code, Sections 2119(2) and 2.

Docket No. 1. All counts relate to an incident that occurred "[o]n or about" September 15, 2011. *Id.*

On June 14, 2017, a federal grand jury sitting in Las Vegas, Nevada issued, under seal, a superseding indictment, charging Defendant, co-defendants Davisson and Dunlap, and 20 other defendants with eleven counts. Docket No. 13. The superseding indictment re-alleges the five counts alleged in the original indictment, as counts 6-10. *Id.* at 40-42. The superseding indictment was unsealed, on the United States' motion, on June 16, 2017. Docket No. 68.

The case was set for jury trial on August 21, 2017. *See, e.g.*, Docket No. 69. Defendant appeared for his initial appearance on June 16, 2017. Docket No. 73. At that time, he entered pleas of not guilty to the charges against him in the superseding indictment, and his detention hearing was continued to June 22, 2017. *Id.* On June 22, 2017, Defendant was released with conditions pending trial. Docket No. 176.[1]

On August 10, 2017, Defendant joined in a motion to continue the trial date. Docket No. 374.[2] On August 14, 2017, the Court granted the motion and continued trial to February 26, 2018. Docket No. 379. On February 2, 2018, Defendant joined in a second motion to continue the trial date. Docket No. 512.[3] On February 14, 2018, the Court granted the motion and continued trial to September 10, 2018. Docket No. 523. On May 12, 2018, co-defendant Ernesto Gonzalez filed

---

[1] Co-defendants Davisson and Dunlap both appeared for their initial appearances on June 16, 2017 and entered pleas of not guilty to the charges against them in the superseding indictment. Docket Nos. 75, 76. Their detention hearings were continued to June 21, 2017. *Id.* On June 21, 2017, both co-defendants were released with conditions pending trial. Docket Nos. 160, 161.

[2] Co-defendant Davisson also joined the motion to continue; however, co-defendant Dunlap objected to the motion. Docket No. 374 at 3.

[3] Co-defendant Davisson's position was unknown at the time of the filing of the motion and co-defendant Dunlap's position is not stated in the motion. *See* Docket No. 512.

a motion to, *inter alia*, continue the trial date. Docket No. 608. The motion submitted, in part, that the instant case is unusually complex and that failure to continue the trial date would deny the parties the necessary time for effective preparation. *Id*. at 4-7. Defendant joined the motion. Docket No. 617.[4] On July 24, 2018, the Court granted the motion and continued the trial to January 28, 2019. Docket No. 689.

On September 4, 2018, in response to a request for proposed trial groups, the United States proposed that Defendant be tried in Group 2.[5] Docket No. 1139 at 2-3. The United States further proposed, in an effort to "promote efficiency and fairness," that the Group 2 defendants be tried after the Group 1 defendants. *Id*. at 3. No objections to this grouping were made by Defendant or co-defendants Davisson and Dunlap. *See* Docket. On December 18, 2018, the Court entered an amended scheduling order and set the Group 2 trial for January 6, 2020. Docket No. 1408.

On August 13, 2018, co-defendant Dunlap filed a motion to dismiss counts six, seven, eight, nine, and ten pursuant to 18 U.S.C. § 3282, for violating the statute of limitations and preindictment delay. Docket No. 1001. The United States responded to the motion; however, no reply was filed. Docket No. 1180. Defendant and co-defendant Davisson moved to join the motion to dismiss. Docket Nos. 1025, 1111. On December 11, 2018, United States Magistrate Judge C.W. Hoffman issued an order and report and recommendation. Docket No. 1386. Judge Hoffman granted the motions for joinder, engaged in a thorough analysis of the motion to dismiss for violation of the statute of limitations, and recommended that the motion to dismiss be denied. *See*

---

[4] Co-defendants Davisson and Dunlap did not join the motion, but also did not object to it. *See* Docket.

[5] Co-defendants Davisson and Dunlap both joined the request for proposed trial groups. Docket Nos. 761, 769. The United States proposed that co-defendant Davisson and Dunlap be in Group 2 as well. Docket No. 1139 at 2-3.

*id*.  No objections to Judge Hoffman's report and recommendation were filed.  *See* Docket. Therefore, on December 28, 2018, United States District Judge Gloria M. Navarro accepted and adopted Judge Hoffman's report and recommendation in full and denied the motion to dismiss. Docket No. 1425.

## II.     ANALYSIS

### A.  Violation of Statute of Limitations and Preindictment Delay

Despite the fact that the Court has already ruled on this exact issue in this exact case with these exact parties, not one party has acknowledged that the Court already rejected this argument. "A party who repeats an argument already rejected by the Court has a duty to acknowledge the Court's prior order and explain why it should not control." *Atlantis Enterprises, Inc. v. Avon Products, Inc.*, 2010 WL 11519593, *3 (C.D.Ca. 2010).  *See also U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F.Supp.2d 994, 1015 (N.D.Ill. 2008 (attorneys "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings").  The Court is troubled by the parties' lack of candor in the briefing on this issue. Nonetheless, the Court construes this portion of the motion as a motion for reconsideration.

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases.  *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P.

4

59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). Motions for reconsideration are disfavored. Local Rule 59-1(b). Reconsideration of an interlocutory order may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). It is well-settled that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Phillips v. C.R. Bard, Inc.,* 290 F.R.D. 615, 670 (D. Nev. 2013) (emphasis in original, citation and internal quotations omitted). On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." Local Rule 59-1(b).

Here, Defendant fails to demonstrate that reconsideration is appropriate. Defendant's motion contains no newly discovered evidence. While some of the arguments regarding prejudice may not have been presented in the prior motion, including Defendant's argument regarding sealing and the statute of limitations, those arguments existed at the time the prior motion was filed; therefore, raising them for the first time now is inappropriate. Further, no argument has been

5

made that the Court committed clear error or the initial decision was manifestly unjust; in fact, no party even objected to Judge Hoffman's Report and Recommendation.  Finally, no intervening change in controlling law has been argued by the parties.  Therefore, reconsideration is inappropriate.

### B. Post-Indictment Delay

Defendant submits that the nine-month delay between the issuance of the original sealed indictment and the issuance of the superseding indictment violates his right to a speedy trial, pursuant to the Sixth Amendment. Docket No. 1807 at 14. Specifically, Defendant submits that he is prejudiced by the delay because his "co-defendant and key witness" Thomas Garretson died on March 20, 2017. *Id*. at 15. Defendant submits that Garretson was essential to his defense and sets out the ways in which he submits that Garretson would have helped his case. *Id*. at 15-16, 18. Further, Defendant submits that, since none of the defendants knew about the original indictment, none of them took steps to preserve evidence. *Id*. at 17.

The United States submits that the nine-month delay between the issuance of the sealed original indictment and the superseding indictment was a relatively short period of time. Docket No. 1900 at 12. The United States further submits that the instant case is complex and that it was engaged in an ongoing investigation, which justifies the delay. *Id*. Additionally, the United States submits that Defendant became aware of the indictment against him more than two years ago, joined several requests to continue the trial date during that time, and only now asserts his Sixth Amendment right. *Id*. Finally, the United States submits that Defendant has failed to demonstrate prejudice from the delay due to Garretson's death. *Id*. at 13. Specifically, the United States submits that Defendant cannot demonstrate that Garretson, his co-defendant, would have testified,

that the trial would have commenced prior to Garretson's death, or that Garretson would even have been well enough to testify if he agreed to do so despite his status as a defendant in the case. *Id*.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. A defendant's Sixth Amendment right to a speedy trial attaches when he is indicted. *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987).

To determine whether post-indictment delay violates a defendant's speedy trial rights under the Sixth Amendment, the Court weighs the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See also United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir. 2003). None of these four factors is either necessary or sufficient, individually, to support a finding that a defendant's speedy trial right has been violated. *Barker*, 407 U.S. at 533. Rather the factors are related and "must be considered together with such other circumstances as may be relevant." *Id*. Further, the balancing of these factors, and other relevant circumstances, "must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id*. The Court examines each factor in turn.

**Length of delay**: The length of the delay is a threshold issue. *Id*. at 530. Only where the delay is "presumptively prejudicial" must a court inquire into the other factors, "since, by definition, [a defendant] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted him with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). The Ninth Circuit has found a six-month delay to be "borderline," but noted that "the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *United States v. Lam*, 251 F.3d 852, 856 (9th Cir. 2001) (quoting

*Doggett*, 505 U.S. at 652 n. 1). *See also Gregory*, 322 F.3d at 1161–1162. The length of delay submitted by Defendant is the nine-month period between the issuance of the original sealed indictment and the superseding indictment. As this period approaches one year, the Court finds it to be presumptively prejudicial and; therefore, the Court proceeds to the other *Barker* factors.

**Reason for delay**: The United States submits that the reason for the nine-month delay was because it "did not want to jeopardize a long-term, ongoing investigation by revealing the investigation to its targets." Docket No. 1900 at 12. In *Barker*, the Supreme Court explained that "different weights should be assigned to different reasons" for delay. *Barker*, 407 U.S. at 531. A "valid reason," such as a missing witness, will justify an appropriate delay. *Id*. If the Court finds that the United States did not negligently cause the post-indictment delay, Defendant would be required to demonstrate actual prejudice to establish a violation of his Sixth Amendment right to a speedy trial. *United States v. Aguirre*, 994 F.2d 1454, 1456 (9th Cir. 1993).

This case involves 23 defendants and, as the parties have submitted, is a complex case. The Court finds it reasonable that the United States did not want to jeopardize its ongoing investigation by notifying the targets of said investigation. Therefore, the Court finds that a valid reason supported the delay and the United States did not negligently cause it. Accordingly, this factor weighs in favor of the United States.

**Assertion of the Speedy Trial Right**: The defendant's assertion of his right is "'[p]erhaps [the] most important' of the four *Barker* factors." *United States v. Gould*, 672 F.3d 930, 938 (10th Cir. 2012). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532; *see also United States v. Simmons*, 536 F.2d 827, 831 (9th Cir. 1976) (although the speedy trial right "cannot be presumptively waived, the neglect

of asserting it is a relevant factor to be considered in determining whether there has been a speedy trial violation").

Assertion of the speedy trial right is entitled to strong evidentiary weight, but it also must be viewed in light of the defendant's other conduct. *See United States v. Loud Hawk*, 474 U.S. 302, 314–315 (1986). For example, where the delay of trial is attributable to the defendant, the weight of his assertion of speedy trial right is diminished. *Lam*, 251 F.3d at 859 (finding defendant's attorney's repeated requests for continuances were attributable to defendant, and therefore "considerably diminish the weight of [defendant's] assertions of his speedy trial right"). Thus, for example, where a defendant knows of the existence of charges or an indictment against him and does not act to resolve them, he may be deemed to have waived his speedy trial right. *See Doggett*, 505 U.S. at 653 (explaining that this third *Barker* factor would weigh heavily against a defendant who knew of his indictment but took no steps to address it).

Here, Defendant became aware of the existence of the superseding indictment no later than June 16, 2017, two days after its return and over two years ago.[6] *See* Docket No. 73. During this time, Defendant has joined in several requests to continue the trial date. Further, Defendant has not asserted his speedy trial right until the filing of the instant motion, on August 29, 2019. Accordingly, the Court finds that Defendant did not timely assert his speedy trial right and this factor weighs in favor of the United States.

**Prejudicial Effect of the Delay**: The final *Barker* factor requires the Court to weigh the prejudicial effect, if any, of the delay. "Actual prejudice can be shown in three ways: oppressive

---

[6] Co-defendants Davisson and Dunlap appeared in court on the superseding indictment on June 16, 2017; therefore, they, too, have known of its existence since that date. *See* Docket Nos. 75, 76.

pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired." United *States v. Beamon*, 992 F.2d 1009, 1014 (9th Cir. 1993) (citing *Doggett*, 505 U.S. at 654). To show actual prejudice, a defendant must provide more than unsubstantiated claims that the delay caused memories to diminish, precluded discovery, or resulted in the loss of evidence. *United States v. De Jesus Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). *See also United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice").

Defendant submits that he has suffered actual prejudice from the death of Garretson on March 20, 2017. Docket No. 1807 at 15. Defendant submits that Garretson's testimony is "critical" to his defense and the events of September 2011 and, without it, he is irreparably prejudiced. *Id*. The United States submits that Defendant cannot demonstrate actual prejudice because Garretson was a co-defendant in the case and, therefore, Defendant cannot demonstrate that Garretson would have testified at trial, or that trial even would have started prior to Garretson's death. Docket No. 1900 at 13.

In his Report and Recommendation, which was adopted in full by Judge Navarro, Judge Hoffman found that co-defendant Dunlap "argues that he has been prejudiced … because co-defendant Garretson died in the interim, but he fails to explain how the loss of Garretson causes prejudice. The government correctly notes that Garretson could not have been called as a witness because he was a defendant. The court finds that, under the circumstances, the delay was not unreasonable." Docket No. 1386 at 4. This Court agrees. Therefore, the Court finds that Defendant has failed to demonstrate actual prejudice and this factor weighs in favor of the United States.

The Court finds that three *Barker* factors weigh in favor of the United States. Significantly, the Court finds that Defendant has failed to demonstrate actual prejudice from the delay between the issuance of the sealed original indictment and issuance of the superseding indictment. As a result, the Court finds that the delay was not unreasonable.

### III.     CONCLUSION

Based on the foregoing and good cause appearing therefore,

**IT IS ORDERED** that Defendants Davisson and Dunlap's motions for joinder, Docket Nos. 1816 and 1820, are **GRANTED**.

**IT IS RECOMMENDED** that Defendant's motion to dismiss counts six through ten of the superseding indictment, Docket No. 1807, be **DENIED**.

DATED: November 7, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).